368 So.2d 48 (1979)
THE FLORIDA BAR, Complainant,
v.
Theodore H. VAN DEVENTER, Jr., Respondent.
No. 55735.
Supreme Court of Florida.
February 15, 1979.
David G. McGunegle, Bar Counsel and Branch Staff Counsel, and John A. Boggs, Asst. Staff Counsel, Tallahassee, of The Florida Bar, for complainant.
No appearance for respondent.
PER CURIAM.
This matter is before the Court on Motion for Approval of Conditional Guilty Plea for Consent Judgment and Entry of Final Order of Discipline.
On December 18, 1978, The Florida Bar filed its motion alleging:
a. On July 27, 1972, Respondent, Theodore H. Van Deventer, Jr., was issued letters of guardianship of the person and estate of Alma Falconer, an incompetent. Respondent had been the incompetent's personal attorney for several years. He also became attorney for the guardianship. The guardianship estate was worth approximately $117,000 in checking accounts, certificates of deposit, savings accounts, and some stock and other personal items, including monthly railroad retirement benefits.
b. As guardian the Respondent had fiduciary responsibilities to care for the person of his ward and to preserve and protect the assets of her estate and account for them. Among other things during his handling of the guardianship, Respondent did not file the 1972 annual accounting until mid-August, 1973; failed to file the 1973 and 1974 annual accountings until May 6, 1975, and only after he was ordered by the court to do so; failed to pay the nursing home where his ward resided for a period of several months; signed and filed with the court without checking sworn accountings for his ward's estate for the years 1973, 1974, and 1975, which had been prepared by his secretary, Mary Edna Yawn, and which were false; failed to insure that the monthly retirement checks belonging to the ward's estate were deposited in the appropriate guardianship account, although they represented a substantial portion of the ongoing income so that some $5,991 which had been received was not deposited into the appropriate account; and allowed a medical insurance policy to lapse.
c. Respondent had turned the handling of the Falconer guardianship as well as his financial records and accounts in his law practice, including his firm's trust account, over to this same secretary. He exercised no independent control over *49 her and depended totally upon her to keep all bank records in proper order. Respondent failed to check the work product of this secretary or the accounts during this period of time. As a result, Respondent's secretary succeeded in misappropriating to her own personal use several thousands of dollars belonging to the Falconer guardianship estate over a three-year period.
d. On or about July 28, 1976, the court auditor in the Ninth Judicial Circuit filed an amended report showing an apparent $13,405.84 deficiency in the Falconer account for the period of July 1, 1973, through April 30, 1976. On January 3, 1977, the Respondent was ordered by Orange County Circuit Judge, Roger A. Barker, to pay into the estate of Alma Falconer, then deceased, the sum of $12,557.11 found missing from the Falconer estate due to his secretary's misappropriations after various setoffs from earned fees and expenses which was done. Judge Barker also concluded that the Respondent had been guilty of gross negligence as guardian of the estate and attorney for the guardian; that he had filed false accounts under oath with the court for the years 1973, 1974, and 1975, and; that he had failed to timely file the accounts for the years 1972, 1973, 1974, and 1975.
e. Respondent failed to maintain complete records of funds, securities and properties of the Falconer estate coming into his possession, failed to render appropriate accountings regarding the estate, and allowed Falconer funds to be used for other than the benefit of the estate.
f. Respondent's foregoing actions violated Rule 11.02(4) of Article XI of the Integration Rule of The Florida Bar and Disciplinary Rules 1-102(A)(6), 3-104(A), 3-104(C), 3-104(D), 6-101(A)(3), 7-101(A)(3), 9-102(A), and 9-102(B)(3) of the Code of Professional Responsibility of The Florida Bar.
[g]. Subsequent to a finding of probable cause, The Florida Bar filed its Complaint in this cause on September 12, 1978... . The Complaint mistakenly omitted identifying him as a junior.
[h]. By letter dated September 29, 1978, Respondent's counsel forwarded Respondent's executed Conditional Guilty Plea for Consent Judgment in this cause.
...
[i]. At their November, 1978, meeting, the Board of Governors approved acceptance of Respondent's Conditional Plea and recommends it to this court as final disposition of the case.
The Motion for Approval of Conditional Guilty Plea is granted, and respondent, Theodore H. Van Deventer, Jr., is hereby disciplined by public reprimand to be published in the Southern Reporter based upon the facts set forth above. The publication of this opinion shall serve as the public reprimand to respondent.
Costs in the amount of $677.90 are hereby taxed against the respondent.
It is so ordered.
BOYD, Acting C.J., and OVERTON, SUNDBERG and HATCHETT, JJ., concur.
ALDERMAN, J., dissents with an opinion.
ALDERMAN, Justice, dissenting.
In my opinion the gross abuses of fiduciary responsibility committed by the respondent Theodore H. Van Deventer, Jr., require more than a public reprimand. Perhaps there are mitigating circumstances known to The Florida Bar but not alleged in its motion for approval of respondent's conditional guilty plea that would, in this case, justify only a public reprimand. But, based upon the Bar's allegations, it appears to me that respondent should receive more than just a reprimand  he should be removed from the practice of law. I would not accept the conditional plea.