410 So.2d 920 (1982)
THE FLORIDA BAR, Complainant,
v.
Catherine H. CARTER and Brinly S. Carter, Respondents.
No. 59091.
Supreme Court of Florida.
February 25, 1982.
*921 PER CURIAM.
This disciplinary proceeding is before us on complaint of The Florida Bar against Catherine H. Carter and Brinly S. Carter, report of the referee, and petition for review by The Florida Bar. The referee recommends and we agree that Catherine Carter be found not guilty on any of the counts charged in the complaint.
As to Brinly Carter, the referee recommends that he be found guilty of counts four and eight charged in the complaint. The referee finds the following as to count four, violation of the Florida Bar Code of Professional Responsibility, Disciplinary Rule 1-102(A)(5):[1]
Respondent admits that he filed, as attorney, motions to recuse the trial judge in the litigation styled, "Catherine H. Carter v. Mary S. Howarth, Case No. 73-364-01, Division D, Seventh Judicial Circuit Court," and on November 6, 1975, filed a pleading submitting further argument for Leon F. Stewart to recuse himself (Exhibit No. 29). He admits that statements made in Exhibit No. 29 were derogatory to the Circuit Judge.
BRINLY S. CARTER contends that the motion was not for the purpose of harassment but was an emotional mistake for trying to represent himself in such a personal matter. He does admit that the motion went beyond legal grounds for disqualification and recusal and did violate the Code of Professional Responsibility, Rule 1-102(A)(5).
In recommending that Brinly Carter be found guilty of count eight, violation of Disciplinary Rule 9-102(B)(4)[2] and Integration Rule 11.02(4),[3] the referee finds:
The evidence indicates that the respondent received a check in excess of $3,000 payable to him as attorney for Mary S. Howarth. The check was received prior to the onset of the 1973 litigation and placed in his trust account. After the litigation was instituted, he refused to surrender those funds due and owing to Mary S. Howarth despite her several demands through her attorney for over a year. Only after he was served with a subpoena duces tecum were the monies turned over.
... .

*922 In his answer, BRINLY S. CARTER admitted the allegations specifically set out above.
... .
The Referee finds that Mary S. Howarth, having been a former client of BRINLY S. CARTER'S, and the Howarth Trust Properties, being a present client at the time of the litigation, that BRINLY S. CARTER had a responsibility under the Disciplinary Rules and Integration Rules to either deposit the money in the Howarth Trust Properties Account or place the money into the registry of the court by proper motion or by petition for interpleader. To retain the money in his own personal account was conduct that is violative of the above rules.
The referee recommends that Brinly Carter be publicly reprimanded for his misconduct.
The referee has patiently and thoroughly reviewed the facts of this complicated intrafamily dispute over the management of family property involving three lawyers  Catherine Carter, Brinly Carter, and Mary Howarth (mother of Catherine and grandmother of Brinly). His findings of fact should be accorded substantial weight and should not be overturned unless clearly erroneous or lacking in evidentiary support. The Florida Bar v. Wagner, 212 So.2d 770 (Fla. 1968). We approve the referee's findings of fact and his recommendation of a public reprimand.
Accordingly, respondent Brinly S. Carter is hereby publicly reprimanded, and the publication of this opinion in Southern Reporter shall constitute a public reprimand.
This matter is remanded to the referee for the determination as to how costs should be assessed.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON, ALDERMAN, McDONALD and EHRLICH, JJ., concur.
NOTES
[1] DR 1-102(A)(5) reads:

(A) A lawyer shall not:
... .
(5) Engage in conduct that is prejudicial to the administration of justice.
[2] DR 9-102(B)(4) reads:

(B) A lawyer shall:
... .
(4) Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive.
[3] Integration Rule 11.02(4) reads:

(4) Trust funds and fees. Money or other property entrusted to an attorney for a specific purpose, including advances for costs and expenses, is held in trust and must be applied only to that purpose. Money and other property of clients coming into the hands of an attorney are not subject to counterclaim or setoff for attorney fees, and a refusal to account for and deliver over such property and money upon demand shall be deemed a conversion. This is not to preclude the retention of money or other property upon which the lawyer has a valid lien for his services or to preclude the payment of agreed fees from the proceeds of transactions or collections. Controversies as to the amount of fees are not grounds for disciplinary proceedings unless the amount demanded is clearly excessive, extortionate or the demand is fraudulent.
In a controversy alleging a clearly excessive, extortionate or fraudulent fee, announced willingness of an attorney to submit a dispute as to the amount of a fee to a competent tribunal for determination may be considered in any determination as to intent or in mitigation of discipline; provided such willingness shall not preclude admission of any other relevant admissible evidence relating to such controversy, including evidence as to the withholding of funds or property of the client, or to the other injury to the client occasioned by such controversy.