PER CURIAM.
This disciplinary proceeding is before the Court on complaint of The Florida Bar, the report of the referee, and respondent’s petition for review. We have jurisdiction. Art. V, § 15, Fla.Const.; Fla.Bar Integr. Rule, art. XI, Rule 11.09.
The two-count complaint of The Florida Bar alleged violations of several disciplinary rules as well as portions of the Integration Rule. Count I charged respondent with failure to maintain complete records of property of a client when he held a private garage-type sale of a client’s miscellaneous personal belongings. Prior to the sale, no inventory of the items of personalty was prepared. During the course of the sale, the amounts received for only some of the items were noted on paper but no receipts were given to the buyers. Count II charged Carter with failure to promptly deliver to a client funds in the possession of the lawyer which the client is entitled to receive. As attorney for the personal representative of an estate with whom he was experiencing disagreement, respondent failed to pay over $64.52 to each of four heirs for a period of several months despite several requests.
The referee found respondent guilty of both counts in the complaint. As to Count I, the referee found Carter guilty of violating Florida Bar Code of Professional Responsibility, Disciplinary Rule 9-102(B)(3) and Rule 11.02(4) of article XI of the Integration Rule of The Florida Bar. As to Count II, the referee found Carter guilty of violating Disciplinary Rule 9~102(B)(4) and Rule 11.02(4) of the Integration Rule. The referee recommended that respondent be suspended from the practice of law for four months with proof of rehabilitation required. Costs in the amount of $1,163.13 were also assessed against the respondent.
Carter has petitioned for review on two points: the issue of respondent’s guilt on Count I and the referee’s recommended discipline. He does not contest the referee’s findings, conclusions, or recommendations as to Count II.
We conclude that the referee’s findings on Count I are supported by competent and substantial evidence. The Florida Bar v. Baron, 392 So.2d 1318 (Fla.1981); The Florida Bar v. Hirsch, 359 So.2d 856 (Fla.1978). We find respondent guilty of violating Disciplinary Rule 9-102(B)(3), failure to maintain complete records of property of a client. However, we think the referee was in error in finding guilt on Rule 11.02(4) of the Integration Rule. That seption does not apply to the circumstances of this case.
The referee recommended a four-month suspension. This Court has recently publicly reprimanded Carter, The Florida Bar v. Carter, 410 So.2d 920 (Fla.1982), and ordinarily a finding of guilt on additional charges would warrant a heavier and more substantial penalty. But the activities complained of in this case do not fall within the category of cumulative misconduct since the instant misconduct occurred prior to our decision in the previous case. The prior discipline could not, therefore, have deterred his conduct in this case. In addition, although we find violations of the charges alleged in Counts I and II, they were either violations in a technical sense only (Count I) or violations surrounded by mitigating and extenuating circumstances (Count II). It is the duty of this Court to be fair to the respondent as well as just to the public. State ex rel. Florida Bar v. Murrell, 74 So.2d 221 (Fla.1954). We therefore hold that the discipline warranted under the facts in this case is a public reprimand together with one year’s probation.
Accordingly, it is the order of this Court that the respondent, Brinly S. Carter, be publicly reprimanded in a personal appearance before the Board of Governors of The Florida Bar. He shall also be placed on probation for one year from the date of this opinion. Costs in the amount of $1,163.13 are assessed against respondent.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON and EHRLICH, JJ., concur.