PER CURIAM.
This disciplinary proceeding by The Florida Bar against Virlyn B. Willis, Jr., a member of The Florida Bar, is presently before us on complaint of The Florida Bar and report of referee. Pursuant to article XI, Rule 11.06(9)(b) of the Integration Rule of The Florida Bar, the referee’s report and record were duly filed with this Court. No petition for review pursuant to Integration Rule of The Florida Bar 11.09(1) has been filed.
Having considered the pleadings and evidence, the referee found as follows:
1. As to Count I:
Respondent represented Mr. Robert Few in connection with a criminal offense in Hamilton County in early 1980. In March of 1980, Mr. Few pleaded guilty to criminal charges and was sentenced to five years probation with the condition he pay a $5,000.00 fine on or before May 28, 1980. Shortly thereafter, Few’s counsel in Chattanooga, Tennessee, sent Respondent a $5,000.00 check to pay the fine, and the $5,000.00 check was deposited into Respondent’s trust account.
On April 25, 1980, a check was drawn on Respondent’s trust account in the amount of $1,000.00 payable to cash. The check was identified on the check stub as “transfer Few money to office.” On May 13, 1980, a second withdrawal of the Few funds from the trust account was made in the amount of $2,500.00, payable to cash. On May 23, 1980, a third withdrawal of the Few funds from *1027 the trust account was made in the amount of $1,300.00 made payable to cash. At the time the third withdrawal was made there was only $1,225.74 on deposit at the bank, and the check was accordingly stamped “insufficient funds.” On May 28, 1980, the $1,300.00 check cleared the bank.
In December of 1981, violation of probation proceedings were initiated against Mr. Few as the $5,000.00 fine had not yet been paid by Respondent. An order to appear was issued on Mr. Few for February 16, 1982. Mr. Few’s $5,000.00 fine was ultimately paid by Respondent by a check drawn on his trust account and dated February 16, 1982. On February 19, 1982, the check was stamped “insufficient funds” as the trust account had only $2,159.40 on deposit on the day it was presented. On February 1, 1982, the date appearing on the check, only $432.40 was on deposit in the trust account. The $5,000.00 check representing the fine was eventually paid after two separate deposits of $2,000.00 and $3,500.00 were made by the Respondent to his trust account to cover the draft.
2. As to Count II:
On or about June 11, 1981, Mr. Mack C. Hale, a client of Respondent’s, gave to Respondent $426.00 to be disbursed by the Respondent in the following manner: $30.00 to the Clerk of Court for cost of supervision; $175.73 for restitution; and $40.00 to the State of Florida for monthly supervision fees and $279.97 for restitution. Subsequently, Mr. Hale was informed by the Probation and Parole Services of Escambia County that a warrant for Violation of Probation had been issued against Mr. Hale for nonpayment of the required costs and restitution. On October 1, 1982, after Mr. Hale filed a grievance with The Florida Bar against Respondent, the funds were paid out by Respondent to the appropriate parties.
3. As to Count III:
From December 1979 through December 1982, Respondent did not maintain trust account ledger cards, make monthly reconciliations of his trust account, or maintain complete records of deposits to his trust account. During that same time period, Respondent had five checks drawn on his trust account stamped “insufficient funds” although none of them were returned by the bank unpaid.
The referee made the following recommendations as to guilt:
1.As to Count I:
I recommend that the Respondent be found guilty and specifically, that he be found guilty of the following Disciplinary Rules of the Code of Professional Responsibility, and Integration Rules of The Florida Bar, to wit:
Article XI, Rule 11.02(4) of the Integration Rule of The Florida Bar (applying money entrusted to him by a client to a purpose other than the one intended).
Florida Code of Professional Responsibility, Disciplinary Rule 9-102(A) (commingling funds).
2. As to Count II:
I recommend that the Respondent be found guilty and specifically, that he be found guilty of the following Disciplinary Rules of the Code of Professional Responsibility, and Integration Rules of The Florida Bar, to wit:
Florida Code of Professional Responsibility, Disciplinary Rule 6-101(A)(3) (neglect of a legal matter entrusted to him).
3. As to Count III:
I recommend that the Respondent be found guilty and specifically, that he be found guilty of the following Disciplinary Rules of the Code of Professional Responsibility, and Integration Rules of The Florida Bar, to wit:
Article XI, Rule 11.02(4) and its Bylaw under the Integration Rule of The Florida Bar (failure to comply with minimum trust accounting records and procedures).
The referee recommends that Respondent be suspended from the practice of law for three (3) years and thereafter until *1028 proof of rehabilitation and that the conditions precedent to Respondent’s petitioning for reinstatement be as follows:
1. That Respondent submit to examination by a psychiatrist designated by The Florida Bar, and that Respondent be certified by such psychiatrist to be free from psychiatric problems which would substantially impair his ability to practice law;
2. That Respondent attain a passing score on the Multistate Professional Responsibility Examination; and
3. That Respondent pay in full all costs of disciplinary proceedings and repay any claims paid by The Florida Bar Client Security Fund.
The referee further recommends that upon reinstatement, Respondent be placed on probation for a period of not less than two (2) years, with the following terms and conditions:
1. That Respondent submit quarterly reports to The Florida Bar from a psychiatrist certifying Respondent to be free from psychiatric problems which would impair his ability to practice law; and
2. That a failure by Respondent to comply with the terms and conditions of his probation shall terminate the probation as provided in article XI, Rule 11.10(1) of the Integration Rule of The Florida Bar.
Having carefully reviewed the record, we approve the findings and recommendations of the referee.
Accordingly, respondent, Virlyn B. Willis, Jr., is hereby suspended from the practice of law in the State of Florida effective December 10, 1984, thereby giving Respondent thirty (30) days to close out his practice and take the necessary steps to protect his clients. Respondent shall accept no new business.
Costs in the amount of $1,124.25 are hereby taxed against Respondent.
It is so ordered.
ADKINS, Acting C.J., and OVERTON, ALDERMAN, EHRLICH and SHAW, JJ., concur.