502 So.2d 904 (1987)
THE FLORIDA BAR, Complainant,
v.
Brinly S. CARTER, Respondent.
No. 66126.
Supreme Court of Florida.
February 12, 1987.
*905 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and David G. McGunegle, Bar Counsel and Jan K. Wichrowski, Asst. Bar Counsel, Orlando, for complainant.
Brinly S. Carter, DeBary, in pro. per.
PER CURIAM.
This disciplinary action is before us on complaint of The Florida Bar and the report of the referee recommending that Carter be suspended from the practice of law for "a period of three months and thereafter until he shall prove his rehabilitation as provided in Rule 11.10(4)." Both Carter and the bar petition for review of the referee's report. We have jurisdiction. Art. V, § 15, Fla. Const.
The bar's complaint alleged violation of Disciplinary Rules 3-104(A) (failing to properly supervise nonlawyer personnel in the recordkeeping of estates), 3-104(C) (failing to ensure nonlawyer personnel complied with provisions of the Code of Professional Responsibility), 3-104(D) (failing to examine and be responsible for all work delegated to nonlawyer personnel), 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation), and 1-102(A)(6) (engaging in conduct adversely reflecting on his fitness to practice law) and article XI, Rule 11.02(3)(a) of the Integration Rule of The Florida Bar (engaging in conduct contrary to honesty, justice or good morals) arising from alleged inadequate recordkeeping in connection with the Robert Tauber estate.
The referee found that because Carter's office personnel maintained inadequate records in connection with the Tauber estate, Carter could not submit a reasonably accurate statement of expenses to Tauber's personal representative. He further found that Carter exercised no meaningful supervision over his staff in connection with the estate recordkeeping.
The referee recommended that Carter be found guilty of violating Disciplinary Rules 3-104(A), (C) and (D). He recommended that Carter be found not guilty of violating Disciplinary Rules 1-102(A)(4) and (6) and article XI, Rule 11.02(3)(a) of the Integration Rule of The Florida Bar. Noting that Carter has twice received a public reprimand for prior misconduct, The Florida Bar v. Carter, 410 So.2d 920 (Fla. 1982); The Florida Bar v. Carter, 429 So.2d 3 (Fla. 1983), the referee recommended that Carter be suspended from the practice of law for a period of three months and thereafter until he shall prove his rehabilitation as provided in Rule 11.10(4). Florida Bar Integration Rule 11.10(4) provides in pertinent part:
A suspension of three months or less shall not require proof of rehabilitation or satisfactory passage of The Florida Bar examination; a suspension of more than three months shall require proof of rehabilitation... .
The bar urges this Court to "add an additional day to the suspension" if such is necessary before proof of rehabilitation is required. Carter, on the other hand, maintains that a suspension requiring proof of rehabilitation is too harsh under the circumstances. We agree with Carter that proof of rehabilitation is not necessary to teach him the importance of complying with the standards set forth in the Code of Professional Responsibility and the Integration Rule of The Florida Bar. Under the circumstances, we feel a three month suspension is sufficient.
We have thoroughly reviewed the record and find all of Carter's other challenges to the referee's report without merit. Accordingly, we approve the referee's findings of fact, adopt his recommendation of guilt, and suspend Carter from the practice of law for three months. Following this suspension Carter shall be placed on probation for two years, during which time his *906 records of account shall be subject to periodic audit by a staff auditor of The Florida Bar. The cost of such audits shall be taxable to the respondent in the manner provided for in Florida Bar Integration Rule By-laws, article XI, section 11.02(4)(c)(6). Carter's suspension shall be effective thirty days from the date of this opinion giving Carter an opportunity to take necessary steps to protect the interests of his clients. Carter shall accept no new business from the date of this opinion. Judgment for costs in the amount of $1,910.64 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW and BARKETT, JJ., and ADKINS, J. (Ret.), concur.