PER CURIAM.
This case is before the Court upon the complaint of The Florida Bar charging the respondent attorney J. Alfredo Armas with professional misconduct. A referee was appointed to conduct a trial on the charges and the referee’s report has now been filed with the Court pursuant to rules 3-7.5 and 3-7.6 of the Rules Regulating The Florida Bar. Neither party seeks review of the referee’s report.
The first count of the Bar’s complaint charged that respondent had employed an office manager who was given substantial authority and control over respondent’s trust and office operating accounts, that respondent failed to instruct the office manager concerning the regulations governing trust account operations, and that the office manager mishandled trust funds. The referee found the respondent guilty of the charged misconduct and recommended that he be found guilty of violating the former Florida Bar Code of Professional Responsibility, Disciplinary Rule 3-104(C), which provided as follows:
A lawyer or law firm that employs nonlawyer personnel shall exercise a high standard of care to assure compliance by the nonlawyer personnel with the applicable provisions of the Code of Professional Responsibility. The initial and the continuing relationship with the client must be the responsibility of the employing attorney.
We approve the finding of the referee on count one.
In the second count of its complaint, the Bar charged that respondent used funds held in trust for purposes other than those authorized by the clients and failed to comply with rules and regulations on trust fund accounting and record keeping. The referee found that while the evidence showed failure to maintain complete records and perform required accounting functions, it did not show use of client funds for unauthorized purposes. The referee recommended that respondent be found not guilty of violating the former Florida Bar Integration Rule, article XI, rule 11.02(4) and the Code of Professional Responsibility, Disciplinary Rule 9-102(B)(4), and guilty of violating Disciplinary Rule 9-102(B)(3) (failure to maintain complete records of all funds of clients coming into lawyer’s possession and render appropriate accounts regarding them). We approve the referee’s findings.
The referee recommends that respondent receive a public reprimand and be placed on probation for two years. We accept the referee’s recommendation. We hereby reprimand attorney J. Alfredo Armas and order that he be on probation for two years. During the period of probation, there shall be quarterly audits conducted of respondent’s trust accounts, at his expense.
The costs of this proceeding are taxed against the respondent. Judgment is entered against J. Alfredo Armas for costs in the amount of $4,670.48 for which sum let execution issue.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.