520 So.2d 272 (1988)
THE FLORIDA BAR, Complainant,
v.
Alan B. FIELDS, Jr., Respondent.
Nos. 70731, 71278.
Supreme Court of Florida.
February 25, 1988.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and David G. McGunegle, Bar Counsel, Orlando, for complainant.
Alan B. Fields, Jr., Palatka, in pro. per.
PER CURIAM.
These disciplinary proceedings are before the Court for consideration of the referee's report. In response to the two formal complaints of The Florida Bar filed herein against attorney Alan B. Fields, Jr., the respondent filed a conditional guilty plea. The Florida Bar recommended acceptance of the plea and approval of the disciplinary measure agreed to therein. The referee accepted the conditional guilty plea and recommends imposition of the stipulated discipline, a public reprimand.
Based on respondent's plea of guilty to the Bar's complaints, the referee found the facts to be as follows. In case no. 70,731, the referee found that respondent was involved in an automobile accident on February 8, 1985. Following the accident, respondent was arrested and charged with driving under the influence of alcohol and battery. At trial, a jury returned verdicts finding respondent guilty of both offenses. He was adjudged guilty of driving under the influence. On the battery charge, adjudication of guilt was withheld. Respondent was placed on probation for concurrent terms of one year. The referee recommended finding respondent guilty of violating the former Integration Rule of The Florida Bar, article XI, rule 11.02(3)(a), by engaging in conduct contrary to honesty, justice, or good morals, and the former Code of Professional Responsibility, Disciplinary Rule 1-102(A)(6), by engaging in conduct adversely reflecting on fitness to practice law.
In case no. 71,278, the Bar's complaint charged two counts of misconduct. On count one, the referee found, as revealed by the Bar's investigation following a fee dispute between respondent and a client, that respondent charged interest at one and one-half percent per month on unpaid balances of legal fees and that interest charges were added to principal before calculating additional interest charges, with the result that clients were charged in excess of eighteen percent per annum. The referee noted that charging interest on interest was part of the misconduct for which respondent was reprimanded in The *273 Florida Bar v. Fields, 482 So.2d 1354 (Fla. 1986), and that at the referee hearing in that proceeding respondent had given assurances that he would correct the deficiencies found in his billing practices. The referee found that respondent's subsequent conduct shows that the problems were not corrected. The referee recommends that respondent be found guilty of violating the former Code of Professional Responsibility, Disciplinary Rules 1-102(A)(6) (conduct adversely reflecting on fitness to practice law); 3-104(C) (failure to supervise nonlawyer personnel); and 3-104(D) (failure to examine and be responsible for work delegated to nonlawyer personnel); and the following provisions of the Rules of Professional Conduct:[*] rule 4-5.3(a) and (b) (failure to supervise nonlawyer personnel) and rule 4-8.4(a) (violating the Rules of Professional Conduct).
On count two the referee found that respondent was not in substantial compliance with the minimum requirements of the Rules Regulating Trust Accounts. The referee recommended that respondent be found guilty of violating article XI, rule 11.02(4)(c) of the former Integration Rule and corresponding Bylaws for failure to comply with minimum trust accounting procedures and Disciplinary Rule 9-102(B)(3) of the former Code for improper trust account record keeping. Because the violations, which began in 1977, continued until the filing of the charges in the instant proceeding, the referee also found respondent guilty of violating rule 4-1.15(d) of the Rules of Professional Conduct for failing to comply with the Rules Regulating Trust Accounts and rule 5-1.2 of the Rules Regulating Trust Accounts for failure to comply with minimum trust accounting requirements.
While we have concern that the misconduct in case no. 71,278 involved deficiencies in billing practices that were the subject of The Florida Bar v. Fields, it does appear that this was ongoing misconduct and not misconduct that occurred subsequent to the imposition of discipline in The Florida Bar v. Fields. Respondent conditioned his guilty plea upon the imposition of a public reprimand as discipline and The Florida Bar has requested that we accept this guilty plea and impose the discipline provided therein. The referee has likewise recommended that this Court impose a public reprimand as the appropriate discipline. We approve the referee's report and order the discipline be imposed as recommended by the referee.
The costs of these proceedings are taxed against the respondent. Judgment for costs in entered against Alan B. Fields, Jr., in the amount of $1,946.90, for which sum let execution issue.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[*] Chapter 4 of the Rules Regulating The Florida Bar, designated the Rules of Professional Conduct, replaced the Code of Professional Responsibility and took effect on January 1, 1987.