PER CURIAM.
This disciplinary proceeding is before the Court for consideration of the uncontested report of the referee. Our review of the matter is governed by rule 3-7.6(c)(6) of the Rules Regulating The Florida Bar.
The complaint of The Florida Bar set forth the allegations of misconduct as follows:
1. Respondent is, and at all times mentioned in this complaint was, a member of the Florida Bar, subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.
2. On or about August 4, 1984, Ms. Carrie L. Brown contacted the respondent at his office and asked the respondent to assist her in trying to get payments for a chiropractor who had treated Ms. Brown for back injuries she suffered as the result of an alleged workman’s compensation injury. At the time of this initial conference, respondent accepted Ms. Brown’s paperwork and began to represent Ms. Brown.
3. On or about November 9,1984, Ms. Brown wrote to the respondent and asked him for an update on the progress of her case. (See Exhibit 1). In her letter to the respondent, Ms. Brown requested a written response from the respondent. She received no answer from the respondent.
4. On or about November 16, 1984, Ms. Brown again wrote to the respondent for an update on the progress of her case. (See Exhibit 2). Ms. Brown received no response from the respondent.
5. On or about January 11, 1985, Ms. Brown wrote a third letter to the respondent asking for an update on the progress of her case. (See Exhibit 3). In her letter, Ms. Brown reminded the respondent that he had told her that he “was never too busy to forget a client.” The respondent never answered Ms. Brown’s letter.
6. On or about June 13, 1985, Ms. Brown had a telephone conversation with the respondent. In that conversation, respondent told Ms. Brown that he was going to write the representative of the insurance company handling her case and that he would send a copy of his letter to Ms. Brown. The respondent never sent any letters to Ms. Brown.
7. On or about July 17, 1985, Ms. Brown again wrote to respondent requesting an update on the progress of the case. (See Exhibit 4). Respondent never answered Ms. Brown’s letter.
8. On or about December 4, 1985 Ms. Brown once again wrote to the respon *1379 dent requesting an update on the progress of the case. (See Exhibit 5). The respondent again failed to answer Ms. Brown’s letter.
9. On or about March 29, 1986, Ms. Brown wrote to the respondent and fired him as her attorney. (See Exhibit 6).
10. After receiving the letter mentioned in Paragraph 9 above, the respondent finally communicated with Ms. Brown. The respondent sent copies of Ms. Brown’s paperwork to her and he enclosed a letter to her.
11. Ms. Brown then called the respondent’s office and asked that the originals of her paperwork be sent to her. Subsequently, the respondent sent the original paperwork to Ms. Brown.
12. In or about May, 1986, Ms. Brown met with David Hammond, an attorney practicing in Orlando, Florida. At this meeting, Ms. Brown was informed by Mr. Hammond that the statute of limitations had run in her workman’s compensation claim and, therefore, Mr. Hammond would not take her case.
13. Between August 4, 1984 and March 29, 1986, the respondent never informed Ms. Brown that, in his opinion, she did not have a valid workman’s compensation claim for her medical expenses.
14. Between August 4, 1984 and March 29, 1986, the respondent never told Ms. Brown that the statute of limitations was running in any possible claim she may have had for her medical expenses. In fact, on or about March 15, 1985, the statute of limitations expired in any possible workman’s compensation claims that Ms. Brown may have had to recover her medical expenses.
15. On or about May 1, 1987, the Thirteenth Judicial Circuit Grievance Committee “B” found probable cause for further disciplinary proceedings after receiving sworn testimony from Ms. Brown and the respondent.
16. As a result of respondent’s failure to respond to Ms. Brown’s inquiries and his neglect of the legal matter entrusted to him, Ms. Brown has suffered a loss of any potential suit she may have had to recover the expenses she incurred as a result of her injuries.
17.Pursuant to the foregoing, respondent has violated Disciplinary Rule 6-101(A)(3) (neglect of a legal matter entrusted to him).
The referee’s report sets forth the referee’s findings and recommendations as follows:
II: Findings of Fact as to each item of misconduct of which the Respondent is charged: After considering all the pleadings and evidence before me, pertinent portions of which are commented upon below, I find:
The Respondent admitted, by answer filed, all paragraphs of the complaint filed against him (Paragraphs 1 through 17) and again by his Counsel at the hearing on Jan. 15, 1988 before me as referee.
III. Recommendation as to Whether or not the Respondent should be Found guilty:
In view of the foregoing, I recommend the Respondent be found guilty of all charges 1 through 17 in the complaint filed against him.
IV. Recommendation as to Disciplinary Measures to be Applied:
I concur with the position of the Florida Bar which is agreeable to a public reprimand and, accordingly, recommend that the Respondent receive a public reprimand.
We approve the referee’s report and, by the publication of this opinion, reprimand the respondent for professional misconduct.
The costs of this proceeding are assessed against the respondent. Judgment is entered against Horace A. Knowlton, III, for costs in the amount of $603.90, for which sum let execution issue.
It is so, ordered.
EHRLICH, C.J., and OVERTON, McDonald, shaw, barkett, GRIMES and KOGAN, JJ., concur.