PER CURIAM.
The Florida Bar petitions for review of a referee’s report recommending that respondent, Hurley Whitaker, receive an admonishment and be placed on supervised probation for two years. We agree with the Bar that an admonishment is insufficient discipline in this case, and therefore issue a public reprimand.[1]
The misconduct in this case involves respondent’s representation of the client regarding the alleged sexual molestation of her three and one-half year old daughter by an employee of the nursery where the child had been placed in day care. In January 1986 the client signed a contingency fee agreement with respondent’s law firm and respondent agreed to investigate the case but did not initially promise to file suit. Respondent eventually filed claims with the Florida Insurance Guaranty Association (FIGA) because the insurance company for the day care center had become insolvent.[2] However, respondent failed to file suit within the one-year statute of limitations for FIGA actions because he mistakenly thought the limitations period was four years. See §§ 95.11(5)(d), 631.68, Fla.Stat. (1985).[3] Consequently, the client’s suit against the day care center and its employee is now time-barred.[4]
In addition to neglecting to file suit, the record demonstrates, and respondent admits, that respondent failed to properly communicate with his client throughout the case and did not keep her advised of matters transpiring in her case. Indeed, as the referee indicated, the only time the client could get a response to her repeated telephone calls and letters was after she would contact The Florida Bar.
After a hearing, the referee found respondent guilty of violating rule 4-1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client) and rule 4-1.4 (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information) of the Rules Regulating The Florida Bar. The referee found that respondent had no prior disciplinary history. Accordingly, the referee recommended the following discipline:
I recommend that Respondent be admonished as provided in rule 3-5.1(a), Rules of Discipline before the Grievance Committee of the Ninth Judicial Circuit, and that Respondent be placed on probation for 24 months as provided in Rule 305.-1(c) and Rule 3-5.1(d), Rules of Discipline. The terms of probation recommended are that at least each ninety days, that Respondent review with a designated member of the Ninth Judicial Circuit Grievance Committee, his case load and that a report of the status of each of Respondent’s open litigation files be made by Respondent in writing to the Grievance Committee with information regarding the diligent prosecution of the case and communication with the client. It is recommended that a probation re *674 port be made by the Grievance Committee each six months on Respondent’s evaluation and that the report be filed with the Bar Counsel with a copy to Respondent. It is further recommended that Respondent submit, within thirty days of the Disciplinary Order, a written plan of procedure and policy to facilitate adequate communication with clients and a “tickler” system to remind him to use diligence in prosecution of his cases, such plan to be filed with the Ninth Judicial Circuit Grievance Committee, with a copy to Bar Counsel.
We approve all the referee’s recommendations except as to the admonishment. Our case law demonstrates that public reprimand is more appropriate in cases such as this which involve neglect of client matters.[5] See The Fla. Bar v. Riskin, 549 So.2d 178, 179 (Fla.1989) (imposing public reprimand for neglecting a legal matter and allowing statute'of limitations to run); The Fla. Bar v. Knowlton, 527 So.2d 1378, 1379 (Fla.1988) (approving referee’s recommendation of public reprimand for same); The Fla. Bar v. Schilling, 486 So.2d 551, 552 (Fla.1986) (approving referee’s recommendation of public reprimand and six-month suspension for failure to diligently pursue a legal matter).[6]
We therefore hold that respondent shall receive a public reprimand, which will be accomplished by publication of this opinion, and that he be placed on probation in accordance with the referee’s recommendation. Judgment for costs in the amount of $1,192.83 is entered against respondent, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, barkett, grimes, KOGAN and HARDING, JJ., concur.

. We have jurisdiction pursuant to article V, section 15, Florida Constitution.

. FIGA is a nonprofit corporation created by the legislature as a mechanism for the payment of covered claims under certain classes of insurance policies of insurers which have become insolvent. See §§ 631.50 to 631.705, Fla.Stat. (1989); O’Malley v. Florida Ins. Guar. Ass’n, 257 So.2d 9, 10 (Fla.1971).

. More accurately, respondent filed suit on June 30, 1986 without notifying Simon, but vountarily dismissed the case on June 29, 1987 to avoid dismissal for lack of prosecution. The suit was never refiled.

. Respondent did, however, file a lawsuit against HRS within the statutory period. That lawsuit is still pending.

. We reject the Bar’s argument that the referee was precluded from recommending an admonishment because this case does not involve "minor misconduct.” See The Fla. Bar v. Dubbeld, 594 So.2d 735 (Fla.1992) (amending rule 3-7.6(k)(l)(3) and indicating that referees can "recommend any permissible discipline they deem appropriate in any case before them”).

. We reject respondent s contention that the cited cases require that the lawyer intentionally mislead the client or attempt to avoid responsibility for his or her actions as a prerequisite for imposing a public reprimand.