640 So.2d 1098 (1994)
THE FLORIDA BAR, Complainant,
v.
William F. LAWLESS, Respondent.
No. 80117.
Supreme Court of Florida.
June 2, 1994.
Rehearing Denied August 15, 1994.
*1099 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Jan K. Wichrowski, Bar Counsel, Orlando, for complainant.
John A. Weiss, Tallahassee, for respondent.
PER CURIAM.
This attorney-discipline proceeding is before the Court on petition of The Florida Bar. We have jurisdiction based on article V, § 15 of the Florida Constitution.
In its petition for review, The Florida Bar contests the ninety-day suspension that the referee recommended for William F. Lawless based on his handling of an immigration case. The Bar urges this Court to impose a ninety-one-day suspension because it would require proof of rehabilitation. Lawless cross-appealed, arguing that a public reprimand is appropriate and that this Court should not impose other recommended sanctions.[1] We find that a ninety-day suspension, followed by three years on probation, serves the purposes of attorney discipline. We also impose the other sanctions the referee recommended.
A Canadian couple, Michael and Barbara Seguin, hired Lawless in 1987 to help them acquire permanent residency status in the United States. Lawless initially contracted to acquire residency status for Michael Seguin for a flat fee of $5,000 plus expenses. The Seguins later met with Lawless and paralegal Charles Aboudraah. Although Aboudraah did not work in Lawless's office, Lawless had worked with the paralegal and said he was experienced in immigration cases. Lawless said he would supervise the case, but the Seguins were to contact Aboudraah if they had questions.
From March 19, 1987, through February 11, 1988, the Seguins paid $12,546 to Aboudraah, including $725 to pursue a visa for Barbara Seguin. They thought these payments included the remaining $2,500 of Lawless's flat fee and that Aboudraah gave Lawless a share of these payments. Aboudraah told the Seguins their paperwork had been filed with the Immigration and Naturalization Service and that they were waiting for the INS to send visa cards.
In January 1990 the Seguins received a letter from the INS seeking information about their residency status and indicating that they had not responded to other letters about the matter. When the Seguins asked Lawless and Aboudraah about the letter, they were assured Aboudraah was handling their case.
Soon, however, the Seguins learned that the INS was investigating Aboudraah. Aboudraah became less available to them and he ultimately closed his office. The Seguins contacted Lawless, who discovered that there was no application on file for either Barbara *1100 or Michael Seguin. Thus, the Seguins had been living illegally in the United States since 1986.
In April 1990 Lawless told the Seguins he had not received any money from their payments to Aboudraah. He also said he had not been associated with Aboudraah in more than two years. Although Lawless submitted visa applications for the Seguins, they eventually consulted another attorney because they did not think Lawless understood the immigration procedures needed to conclude their case. The Seguins ultimately obtained visas that allowed them to live legally in the United States and operate their business.
The Bar filed a formal complaint against Lawless in 1992. The referee who heard this case found that Lawless failed to adequately supervise Aboudraah's handling of the case. He recommended finding Lawless guilty of violating these Rules of Professional Conduct: 4-1.3 (failing to act with reasonable diligence and promptness in representing clients); 4-5.3 (failing to make reasonable efforts to ensure that a nonlawyer employee's conduct is compatible with the lawyer's professional obligations); and 4-8.4(a) (violating or attempting to violate the Rules of Professional Conduct).[2]
The referee recommended suspending Lawless from the practice of law for ninety days, followed by three years on probation. The referee found that once informed of problems with Aboudraah, Lawless did what he could to salvage a damaging situation. He noted, however, that Lawless created the problem by bringing Aboudraah into the case. In addition, Lawless's disciplinary history included a private reprimand on a real estate matter and two public reprimands on immigration matters.[3]
The Bar argues that Lawless's disciplinary history warrants a suspension of at least ninety-one days, which would require proof of rehabilitation. See R. Regulating Fla.Bar 3-5.1(e). Lawless contends that a public reprimand is appropriate. He also raises four issues on cross-appeal.[4]
Initially, we consider whether to depart from the referee's recommended suspension of ninety days. A referee's findings of fact carry a presumption of correctness that should be upheld unless clearly erroneous or without support in the record. The Fla. Bar v. Vannier, 498 So.2d 896, 898 (Fla. 1986). This Court's scope of review is somewhat broader when it reviews a referee's recommendation for discipline because the Court ultimately has the responsibility to order an appropriate sanction. The Fla. Bar v. Anderson, 538 So.2d 852, 854 (Fla. 1989). A bar disciplinary action must serve three purposes: the judgment must be fair to society, it must be fair to the attorney, and it must be severe enough to deter other attorneys from similar misconduct. The Fla. Bar v. Pahules, 233 So.2d 130, 132 (Fla. 1970).
The Bar argues that given Lawless's disciplinary history, nothing less than a ninety-one-day suspension is an adequate sanction. Lawless contends that a public reprimand is sufficient because this Court has imposed public reprimands in other cases involving a lawyer's failure to supervise nonlawyer employees. See, e.g., The Fla. Bar v. Fields, 520 So.2d 272 (Fla. 1988); The Fla. Bar v. Armas, 518 So.2d 919 (Fla. 1988); The Fla. Bar v. Carter, 502 So.2d 904 (Fla. 1987); The Fla. Bar v. Van Deventer, 368 So.2d 48 (Fla. 1979).
*1101 We disagree with both the Bar and Lawless. This Court in general "deals more severely with cumulative misconduct than with isolated misconduct." The Fla. Bar v. Greenspahn, 386 So.2d 523, 525 (Fla. 1980). Thus, given Lawless's disciplinary history, this case warrants more than a mere public reprimand.[5]
Yet this case does not merit a sanction that would require proof of rehabilitation. Although Lawless clearly was deficient in his supervision of Aboudraah, he tried to rectify the situation when he learned that Aboudraah had neglected the Seguins' case. Thus, we find that a ninety-day suspension, followed by three years on probation, serves the purposes of attorney discipline. This judgment is fair to society because it penalizes Lawless for his neglect; it is fair to Lawless because it emphasizes his responsibilities as a lawyer yet is not unduly harsh; and it is severe enough to deter other attorneys from similar misconduct.
Turning to Lawless's cross-appeal, we discuss only two of the issues he raises.
First, we uphold the referee's recommendation that Lawless pay restitution to the Seguins during his probation. We agree with the referee that "had it not been for [Lawless], the Seguins would not have been subjected to Charles Aboudraah's misconduct." Lawless's initial contract with the Seguins called for a $5,000 flat fee plus expenses. After Lawless introduced the Seguins to Aboudraah and assured them he was supervising the case, the Seguins paid $12,546 to Aboudraah.[6] Whether Lawless ever received that money is not the issue: He was responsible for the conduct of his nonlawyer employee and thus must reimburse the Seguins.
Second, we find that the referee's recommendations about supervising paralegals and removing Lawless's name from lawyer referral lists are appropriate in this case. These sanctions will apply during Lawless's suspension and probation.
This Court has held that referees can recommend any permissible discipline that they deem appropriate. See The Fla. Bar v. Whitaker, 596 So.2d 672, 674 n. 2 (Fla. 1992); The Fla. Bar v. Dubbeld, 594 So.2d 735, 737 (Fla. 1992). Although these particular sanctions are not listed in Rule 3-5 of the Rules Regulating The Florida Bar, which covers types of discipline, this Court has upheld recommended sanctions that were not limited to those listed in this rule. See, e.g., Whitaker, 596 So.2d at 673-74 (upholding probation terms that required grievance committee supervision and the submission of a written "tickler" system); The Florida Bar v. Willis, 459 So.2d 1026, 1028 (Fla. 1984) (upholding recommended sanctions that included a psychiatric exam).
The recommended sanctions are appropriate in Lawless's case to protect the public. Lawless has demonstrated his inability to supervise Aboudraah, so we ban him from supervising paralegals during his suspension and probation. We also require Lawless to remove his name from all lawyer referral lists during his suspension and probation.
Accordingly, we suspend Lawless from the practice of law for ninety days, followed by a three-year probationary period. We also impose *1102 the other penalties the referee recommended. See supra note 1. The suspension will be effective thirty days from the filing of this opinion so Lawless can close out his practice and protect the interests of existing clients. If Lawless notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Lawless shall accept no new business from the date this opinion is filed. The cost of these proceedings are taxed against Lawless and judgment is entered in the amount of $2,385.59, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON and SHAW, JJ., and McDONALD, Senior Justice, concur.
HARDING, J., concurs in part and dissents in part with an opinion, in which KOGAN, J., concurs.
HARDING, Justice, concurring in part, dissenting in part.
I concur with the majority opinion, except that I would suspend Lawless for ninety-one days.
KOGAN, J., concurs.
NOTES
[1] The referee recommended that Lawless be required to remove "Immigration Law" from his letterhead unless he is certified by The Florida Bar; to refrain from supervising paralegals; to refrain from splitting fees with nonlawyers; to complete a legal ethics course; to remove his name from lists of lawyer referral services; and to reimburse clients Michael and Barbara Seguin for $12,546 they paid paralegal Charles Aboudraah.
[2] The referee recommended finding Lawless not guilty of these Rules of Professional Conduct: 3-4.3 (engaging in conduct contrary to honesty and justice); 4-8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); and 4-8.4(d) (engaging in conduct prejudicial to the administration of justice).
[3] The private reprimand was for inadequately preparing a real estate closing. Both public reprimands concerned immigration matters and involved Aboudraah. Lawless and the Bar agree that the referee's report mischaracterized the reasons for the sanctions, but we do not find that this prejudiced Lawless.
[4] (1) Whether the referee's description of Lawless's prior disciplines improperly characterizes his grievance history; (2) whether the referee's recommendation of restitution is proper; (3) whether the referee's recommendations about supervising paralegals and removing Lawless's name from lawyer referral lists are appropriate; and (4) whether the evidence supports two of the referee's findings of fact.
[5] We reject Lawless's argument that his two public reprimands should not be considered prior disciplinary action because they were imposed close to when his representation of the Seguins ended. This Court has held that "cumulative misconduct can be found when the misconduct occurs near in time to other offenses, regardless of when discipline is imposed." The Fla. Bar v. Golden, 566 So.2d 1286, 1287 (Fla. 1990). The record reflects that the conduct that led to previous public reprimands occurred in the late 1980s, which is when Lawless represented the Seguins.
[6] Rule of Discipline 3-5.1(h) allows a referee to require the forfeiture of fees after a respondent has been found guilty of charging or collecting an improper fee. Rule of Discipline 3-5.1(i) allows a referee to order restitution "if the disciplinary order finds that the respondent has received a clearly excessive, illegal, or prohibited fee or that the respondent has converted trust funds or property." The referee did not specifically find that Lawless violated these rules. But, based on the Seguins' contract for a $5,000 flat fee, it is obvious that they were charged an excessive fee. This Court has upheld a referee's recommendation to pay restitution when lawyers have charged a clearly excessive fee. See The Fla. Bar v. Della-Donna, 583 So.2d 307, 311 (Fla. 1989).