PARIENTE, Justice.
The Florida Bar (“the Bar”) petitions this Court to amend chapter 3 of the Rules Regulating the Florida Bar (Rules of Discipline). More specifically, the Bar proposes the adoption of subchapter 3-8 (entitled “Florida Bar Grievance Mediation Program,” hereinafter referred to as “the mediation program”) as a means to empower complainants and respondents to resolve disputes without involving formal disciplinary processes. We have jurisdiction. See art. V, § 15, Fla. Const.
Subsection 3 — 8.1(d) of the proposed sub-chapter explicitly provides that “[n]o disciplinary file may be referred to the mediation program unless the public interest is satisfied by the resolution of the private rights of the parties to the mediation.” Any provision relating to the Bar’s disciplinary process must foster the goals of being fair to the public, fair to the complainant, and fair to the respondent. See generally Florida, Bar v. Lawless, 640 So.2d 1098, 1100 (Fla.1994). The proposed subchapter, taken as a whole, satisfies these objectives.
We note that in a recent pilot program, the Bar reported that twenty-seven disciplinary cases were settled before mediation and fifty-six disciplinary cases were settled at mediation. See Gary Blankenship, BOG Adopts Policies for Mediation Plan, The Florida Bar News, Mar. 1, 1998, at 1. The success of the pilot project is encouraging.
*499 The Bar has complied with all notice and publication requirements. The Court has received two comments on the proposed sub-chapter, both from attorneys. One attorney objects that, under subsection 3 — 8.1(c)(1) of the proposed subchapter, membership in The Florida Bar is not a prerequisite for certification as a program mediator.
We take note of the fact that this Court has approved the use of nonlawyer mediators in other areas of the law as set forth in Florida Rule for Certified and Court-Appointed Mediators 10.010. In most cases, the choice of a mediator will be subject to the approval of both the attorney and the complainant. Further, many of the grievances are filed by nonlawyers. In sum, we see no disadvantage in allowing nonlawyers to serve as mediators.
Upon consideration of the proposed sub-chapter and the comments received, we approve The Florida Bar Grievance Mediation Program as set forth in the appendix to this opinion. The mediation program should benefit the public by providing an alternative means to promptly and efficiently resolve grievances filed against members of the Bar. This Court commends The Florida Bar Board of Governors for their efforts in encouraging alternative dispute resolution methods as a means to enhance the efficacy of the grievance process.
The subchapter shall become effective upon this opinion becoming final.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., concur.

APPENDIX

3-8 FLORIDA BAR GRIEVANCE MEDIATION PROGRAM
RULE 3-8.1 FLORIDA BAR GRIEVANCE MEDIATION PROGRAM
(a) Establishment. The Florida Bar Grievance Mediation Program (hereinafter “mediation program”) is hereby established as a means to empower complainants and respondents to resolve disputes without the involvement of formal disciplinary processes.
(b) Authority of Board of Governors. The board of governors may appoint a standing committee to administer the mediation program and may adopt policies for implementation of the mediation program.
(c) Certified Mediation Program Mediators.
(1) Certification. Persons wishing to become mediation program mediators (hereinafter “program mediators”) shall apply to the committee for its review and certification. The committee shall promulgate standards and forms for certification hereunder. Membership in The Florida Bar shall not be required for certification as a program mediator.
(2) CLE Credit for Service. Program mediators shall be eligible for up to 2 hours of annual CLE credit in the area of ethics for service in the mediation program as provided in the policies adopted under this rule.
(d) Criteria for Mediation. No disciplinary file may be referred to the mediation program unless the public interest is satisfied by the resolution of the private rights of the parties to the mediation. If any issue involved in a disciplinary file must remain for resolution within the disciplinary process, such file shall not be referred for mediation.
The board may adopt policies to assist those making referrals under this rule.
(e) Effect of Referral. Upon referral for mediation of the issues involved in a disciplinary file, the disciplinary file shall be closed without the entry of a sanction and shall remain closed unless:
(1) the respondent fails to attend mediation;
(2) the mediation fails to resolve the issues involved; or
(3) the respondent fails to fully comply with the terms of a written mediation agreement.
(f) Effect of Respondent’s Failure to Attend or Comply. It shall be a violation of the Rules Regulating The Florida Bar for a respondent to fail to attend an agreed-upon *500 mediation conference without good cause. Likewise, it shall be a violation of the Rules Regulating The Florida Bar for a respondent to fail to fully comply with the terms of a written mediation agreement.
(g) Effect of Complainant’s Failure to Attend. If a file referred for mediation is not fully resolved by reason of a complainant’s failure to attend, without good cause, the disciplinary file based thereon may remain closed.
(h) Procedures.
(1) Authority for Referral to Mediation.
(A) Bar Counsel. Bar counsel, with the consent of the parties, may refer any file to the mediation program that meets the criteria established by any policies adopted under the authority of this rule.
(B) Grievance Committees. Grievance committees, with concurrence of bar counsel and consent of the parties, may refer any file to the mediation program that meets the criteria established by any policies adopted under the authority of this rule.
(C) Board of Governors. The board of governors, upon review of a file referred to it, as authorized elsewhere under the Rules Regulating The Florida Bar, may refer same to the mediation program if it meets the criteria established by any policies adopted under the authority of this rule.
(D) Referees. Referees, with concurrence of The Florida Bar, may refer any file to the mediation program that meets the criteria established by any policies adopted under the authority of this rule. Concurrence of The Florida Bar requires agreement of bar counsel and the member of the board of governors designated to review the disciplinary matter at issue.
(E) Supreme Court of Florida. The Supreme Court of Florida may order referral of any file to the mediation program that meets the criteria established by any policies adopted under the authority of this rule.
(2) Disqualification of Mediator. No person shall serve as a program mediator in any matter referred hereunder if such person would be disqualified from serving as a mediator under the criteria provided in the Florida Rules for Certified and Court-Appointed Mediators, and, in the case of program mediators who are also members of The Florida Bar, the Rules Regulating The Florida Bar.
(3)Report to The Florida Bar. At the conclusion of a mediation the program mediator shall report to the committee, limited to:
(A) reference to the matter by identification of the disciplinary file to which it pertains;
(B) reference to whether the matter settled without resort to a formal mediation conference;
(C) whether a formal mediation conference was held and, if so, when;
(D) the parties who attended and those who did not;
(E) whether the mediation resulted in complete settlement, partial settlement, or impasse; and
(F) in instances where disciplinary violations of a sort not proper for mediation are divulged or discovered, or a party to the mediation appears to the program mediator to be incompetent to participate in the mediation, a statement that the matter is no longer proper for mediation, without elaboration as to why.
(i) Florida Rules for Certified and Court-Appointed Mediators. The Florida Rules for Certified and Court-Appointed Mediators shall apply to proceedings under this rule unless otherwise stated herein or in conflict with the provisions of this rule or the Rules of Professional Conduct.
(j) Immunity. The members of the committee and program mediators, as well as staff of The Florida Bar assisting the committee or program mediators shall have immunity from civil liability for all acts within the course of their official duties.