420 So.2d 1080 (1982)
THE FLORIDA BAR, Complainant,
v.
Thomas A. LARKIN, Respondent.
No. 61088.
Supreme Court of Florida.
August 26, 1982.
John F. Harkness, Jr., Executive Director, Stanley A. Spring, Staff Counsel and John A. Weiss, Bar Counsel, Tallahassee, of The Florida Bar, for complainant.
Thomas A. Larkin, in pro. per.
PER CURIAM.
This disciplinary proceeding is before us on the complaint of The Florida Bar and the report of the referee recommending that respondent, Thomas A. Larkin, be found guilty of professional misconduct occurring as a direct result of his alcoholism and that he be suspended from the practice of law for three years. The respondent petitions for review of that report, admitting that he is an alcoholic, but asserting that the recommended punishment is too severe because he now has his alcoholism under control. We have jurisdiction. Art. V, § 15, Fla. Const.
The referee's findings and conclusions, in summary, are as follows:
1. that respondent be found guilty of engaging in conduct prejudicial to the administration of justice and reflecting his unfitness to practice law, in violation of Florida Bar Code of Professional Responsibility D.R. 1-102(A)(5) and (6), because he failed to appear for the continuation of his clients' trial without the prior permission of the trial judge, because he failed to request permission to be absent or to request a continuance of the trial, and because he neglected to submit, at the trial judge's request, evidence to support his excuses for the absence;
2. that respondent be found guilty of neglecting a legal matter entrusted to him and for failing to carry out a contract of employment entered into with a client, in violation of Florida Bar Code of Professional Responsibility D.R.6-101(A)(3) and 7-101(A)(2), because, after receiving seven hundred dollars in payment for his services, he failed to take any significant action to secure his client's release from prison and failed to communicate with either his client or his client's family;
3. that respondent be found guilty of gross neglect of a legal matter entrusted to him and for failure to carry out a contract of employment entered into with a client, in violation of Florida Code of Professional Responsibility D.R. 6-101(A)(3) and 7-101(A)(2), because, after being retained to secure the restoration of his client's civil rights and being paid three thousand dollars of a five thousand dollar fee, respondent failed to file the required application, which had been completed by the client, *1081 with the Clemency Board and failed to contact his client, in any fashion, to advise him that the application had been lost or that a replacement form was needed.
In the context of making these findings of misconduct, the referee also expressly found that respondent suffers from abuse of alcohol:
By his own admission Thomas A. Larkin suffers from the abuse of alcohol and such condition has existed for some length of time. His physical appearance before this Referee was such that I concluded that Larkin suffered such condition before he admitted it. His actions, his speech, his conduct and personal bearing all at the hearing were most respectful, but they all clearly demonstrated that his ability and faculties are impaired as a result of long abuse of alcohol. He was completely sober at the hearing, but a reading of his questions, comments and testimony at the hearing clearly demonstrate his loss of faculties. His conduct as evidenced by the facts in these three separate counts of the Complaint are [also] consistent with those of one who suffers from the abuse of alcohol.
The referee has recommended that respondent be suspended as a member of The Florida Bar for three years and that his reinstatement be conditioned upon proof that he receive professional treatment for his alcohol abuse which results in his having full control of the problem, that he no longer presents a risk to the public as a practicing attorney, that he is fit and able to practice law, and that he has made restitution, in full, of the fees paid by the two clients whose legal business he neglected. The referee also noted that, in 1979, respondent was found guilty by the Court of similar misconduct and was publicly reprimanded and placed on probation for one year. The Florida Bar v. Larkin, 370 So.2d 371 (Fla. 1979).
Business and professional groups, including The Florida Bar, have only recently openly acknowledged and addressed the problem of the alcoholic businessman and professional. This problem must be directly confronted; a practicing attorney who is an alcoholic can be a substantial danger to the public and the judicial system as a whole. Too often, attorneys will recognize that a colleague suffers from alcohol abuse, but will ignore the problem because they do not want to hurt the individual or his or her family. This attitude can have disastrous results both for the public and for the individual attorney. If alcoholism is dealt with properly, not only will an attorney's clients and the public be protected, but the attorney may be able to be restored as a fully contributing member of the legal profession. This Court has responsibility to assure that the public is fully protected from attorney misconduct. In those cases where alcoholism is the underlying cause of professional misconduct and the individual attorney is willing to cooperate in seeking alcoholism rehabilitation, we should take these circumstances into account in determining the appropriate discipline.
After careful examination of the record and of the referee's report, we approve the referee's recommendations that respondent be found guilty of the three counts of professional misconduct. We modify the recommended discipline to a suspension for ninety-one days and until such time as respondent establishes rehabilitation. We believe that this penalty is severe enough to protect society and to deter others from engaging in unethical conduct, while, at the same time, encouraging the respondent to seek rehabilitation. It is clear from the facts of this case, as perceptively found by the referee, that Mr. Larkin's professional misconduct stems totally from the effects of alcohol abuse.
We, therefore, order that respondent, Thomas A. Larkin, be suspended from the practice of law for ninety-one days, effective from the date this order is filed, and until such time as he establishes rehabilitation. In addition, any reinstatement application submitted by respondent must expressly show that he has: (1) established full control over his alcohol abuse; and (2) provided full restitution of the $3,700, plus *1082 interest, in fees collected from his clients, as detailed in the referee's report. Should Mr. Larkin meet reinstatement standards, any reinstatement must be conditioned on supervised probation for two years. Costs are taxed against respondent in the amount of $2,691.45.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, SUNDBERG, McDONALD and EHRLICH, JJ., concur.