PER CURIAM.
This disciplinary proceeding is before us on the complaint of The Florida Bar and the report of referee. Pursuant to article XI, Rule 11.06(9)(b), of the Integration Rule of The Florida Bar, the referee’s report and record were duly filed with this Court. The Florida Bar now seeks review of the report of referee.
The facts in the case are not in dispute. On October 1, 1980, Respondent was duly suspended from the practice of law for failure to pay his annual bar dues. During 1980, 1981, 1982, and 1983, respondent received official notification from The Florida Bar as to his suspension and as to his delinquency. Despite these notices, respondent did not file a petition for reinstatement to membership in The Florida Bar until October 28, 1983. On November 10, 1983, respondent was reinstated to the practice of law by the Board of Governors. Respondent has been suspended for nonpayment of bar dues for fiscal year 1984-1985 and no petition for reinstatement has, thus far, been filed by respondent.
Respondent admits that he has been engaged in the practice of law since his suspension for nonpayment of dues. As a result, respondent does not contest the referee’s finding of guilt with respect to violations of Florida Bar Code of Professional Responsibility D.R. 3-101(B) and article II, section 2 and article VIII, section 2 of the Integration Rule of The Florida Bar.
The Florida Bar petitions the Court to suspend respondent from the practice of law for a period of three months and one day. We decline to do so due to the mitigating factors noted in the referee’s report and recommendation. First and foremost among the mitigating circumstances is the fact that there have been no instances of bad conduct by respondent as a practicing attorney. He has not been cited for contempt of court nor has he adversely affected the rights or neglected the interest of a client. Also, respondent now acknowledges that he is an alcoholic and has been actively engaged in Alcoholics Anonymous in an attempt to put his life back together.
The Bar contends that we should not consider alcoholism as a mitigating circumstance since it occurred after the wrongful conduct. See State ex rel. v. Hogsten, 127 So.2d 668 (Fla.1961) (alcoholism or illness is not relevant for consideration as mitigating circumstances when it occurs after the wrongful event). However, we accept the referee’s finding that Mr. Headley’s failure to pay bar dues was a direct result of his being an alcoholic. This finding was based upon the testimony of a member of The Florida Bar, a reformed alcoholic, who has had daily contact with respondent since August 14, 1984. The referee correctly characterized this witness as an expert in the area of alcoholic attorneys and placed great weight upon his testimony.
We do not feel as though the discipline recommended by the complainant is best suited in this case. As we noted in The Florida Bar v. Larkin, 420 So.2d 1080 (Fla.1982), in those cases where alcoholism is the underlying cause of professional misconduct and the individual attorney is willing to cooperate in seeking alcoholism rehabilitation, we should take these circumstances into account in determining the appropriate discipline. Id. at 1081. Further, a major shortcoming of the complainant’s *1215 recommended discipline is that it fails to offer the respondent an opportunity of successful rehabilitation through the special committee of The Florida Bar on Alcohol Abuse. Therefore, we adopt the discipline recommended by the referee which is as follows:
1. Respondent will be placed on probation for a period of not less than six months, nor more than twelve months, under the supervision and guidance of The Florida Bar Special Committee on Alcohol Abuse, Administrative Law Judge Michael E. Hanrahan, Chairman.
2. Upon payment of the arreared Bar dues for 1984-1985 and a favorable written report from the -..Special Committee recommending reinstatement made to The Supreme Court, respondent would be provisionally reinstated to practice law under the direct supervision and daily monitoring by the Special Committee. Thereafter, upon any report of the Special Committee made to The Supreme Court that Respondent’s progress or rehabilitation has become unsatisfactory and that there exists in their opinion a potential for harm to the public, Respondent may be suspended from the practice of law by The Supreme Court and Respondent would be suspended for a period of three months and one day, and thereafter, Respondent shall show proof of rehabilitation prior to said suspension being lifted.
a. Upon the filing of such an adverse report with the Supreme Court, the Respondent will be entitled to file a response contesting same and shall have the right to be heard on same prior to action upon said adverse committee report by The Supreme Court.
b. After six months the committee shall render a written recommendation to The Supreme Court as to whether Respondent’s probation should continue and shall set forth the grounds for the basis of said belief.
3. Respondent shall continue his participation in an alcohol abuse program during the period of his probation and Respondent will not consume any alcoholic beverages.
4. Respondent will not violate The Integration Rules or Code of Professional Responsibility.
5. Costs of this proceeding of $1,275.30 shall be taxed against Respondent and shall be paid to The Florida Bar within one year of the termination (successful or otherwise) of Respondent’s probation. Said costs shall accrue interest at the rate of 12% per annum.
It is so ordered.
ADKINS, Acting C.J., and OVERTON, ALDERMAN, McDONALD and EHRLICH, JJ., concur.