569 So.2d 424 (1990)
THE FLORIDA BAR, Complainant,
v.
Joe M. MITCHELL, Respondent.
No. 73940.
Supreme Court of Florida.
September 13, 1990.
Rehearing Denied December 6, 1990.
John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee, and John B. Root, Jr., Bar Counsel, Orlando, for complainant.
Andrew A. Graham and Jerrold Aaron Bross, Melbourne, for respondent.
PER CURIAM.
We review the findings and recommendations of the referee that Joe M. Mitchell be suspended from the practice of law for fifteen days, with conditions. We have jurisdiction. Art. V, § 15, Fla. Const.
In 1987, an assistant state attorney discovered irregularities in a number of files involving persons charged with driving under the influence. Mitchell was the attorney in each case. Further investigation disclosed that documents purporting to be plea agreements had been filed in these cases, but that the signature of the assistant state attorney had been forged. In at least two other cases in which Mitchell was defense attorney, documents were not properly returned to the court files of his clients.
Mitchell concedes these facts but argues that the irregularities were caused by an improperly supervised legal secretary. No evidence exists in this record to controvert the secretary's liability for these acts, and The Florida Bar has conceded that she is responsible.
Based on these stipulated findings, the referee found Mitchell guilty of ethical violations and recommended: (1) a fifteen-day suspension; (2) payment of The Florida Bar's costs; and (3) an order that Mitchell adopt a written policy for retention and disposition of closed files that is acceptable to The Florida Bar. The Florida Bar concurs in this recommendation.
Mitchell argues that a private reprimand is more appropriate.
The misconduct in this case, although caused by a nonlawyer employee of Mitchell, involves both fraud upon the court and neglecting the best interests of clients. We regard this as highly serious. Had these acts been committed by Mitchell himself, they would have warranted much more severe discipline. Based on this record, we must conclude at a minimum that Mitchell is guilty of negligently supervising the activities of his workers, which constitutes an ethical breach. Rule of Professional Conduct 4-5.3(b), (c), Rules Regulating The Florida Bar.
Accordingly, we adopt in full the findings and recommendations of the referee. Mitchell shall be suspended from the practice of law for a period of fifteen days, effective October 15, 1990. He shall accept no new business from the date this opinion is published until his suspension ends, and *425 shall immediately take all steps necessary to protect the interests of his present clients. Mitchell is hereby ordered to develop and implement a written policy regarding the retention and disposition of materials in closed files, subject to approval by The Florida Bar. Judgment for costs in the amount of $3,299.02 is entered in favor of The Florida Bar, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, EHRLICH, BARKETT, GRIMES and KOGAN, JJ., concur.