569 So.2d 442 (1990)
THE FLORIDA BAR, Complainant,
v.
Andrew T. COUTANT, Respondent.
No. 74380.
Supreme Court of Florida.
November 1, 1990.
*443 John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee, and David G. McGunegle, Bar Counsel, Orlando, for complainant.
Andrew T. Coutant, respondent in pro. per.
PER CURIAM.
Andrew T. Coutant, a member of The Florida Bar, petitions the Court to review the referee's report recommending that he be found guilty of violating Rules Regulating The Florida Bar 4-1.3,[1] 4-1.4(a),[2] and 4-3.2[3] and that he be suspended for thirty days.[4] Coutant argues that the referee should have granted his petition for rehearing because the evidence did not support the referee's finding due to the complaining witness' perjured testimony. The bar, on the other hand, points out that it is the referee's duty to resolve conflicts in testimony and that a referee's findings should be upheld if supported by competent substantial evidence. The Florida Bar v. Bajoczky, 558 So.2d 1022 (Fla. 1990). Our examination of this record shows that it supports the referee's findings regarding misconduct and we approve them.
We also approve the recommended discipline of a thirty-day suspension. The referee recognized that the instant misconduct would ordinarily warrant lesser discipline, but found a suspension needed here due to Coutant's "extensive disciplinary history."[5] As previously stated: "The Court deals more harshly with cumulative misconduct than it does with isolated misconduct." The Florida Bar v. Bern, 425 So.2d 526, 528 (Fla. 1982). We agree with the referee that a suspension is warranted to impress upon Coutant the need for improving his methods of practice.
Therefore, Andrew T. Coutant is hereby suspended from the practice of law for a period of thirty days, to begin thirty days from the date this opinion is filed, thereby giving him time to protect the interests of his clients. Coutant shall comply with the requirements of rule 3-5.1(h) and shall accept no new business after the date this opinion is filed until he is automatically reinstated at the end of the thirty-day suspension. Judgment for costs in the amount of $1,086.18 is hereby entered against Coutant, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, EHRLICH, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Failing to act with reasonable diligence and promptness in representing a client.
[2] Failing to keep client informed about the status of a matter and failing to comply promptly with reasonable requests for information.
[3] Failing to make reasonable efforts to expedite litigation consistent with the interests of his client.
[4] We have jurisdiction. Art. V, § 15, Fla. Const.
[5] Coutant has previously received two unpublished private reprimands, one with a two-year probation, and a public reprimand coupled with two years' probation. The Florida Bar v. Coutant, 541 So.2d 1173 (Fla. 1989).