594 So.2d 735 (1992)
THE FLORIDA BAR, Complainant,
v.
Paul John DUBBELD, Respondent.
No. 77340.
Supreme Court of Florida.
February 13, 1992.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and David G. McGunegle, Bar Counsel and Larry L. Carpenter, Co-Bar Counsel, Orlando, for complainant.
Paul John Dubbeld, in pro. per.
PER CURIAM.
The Florida Bar petitions for review of a referee's report recommending that Dubbeld, a member of the bar, receive an *736 admonishment[1] and be placed on an unsupervised two-year probation. We have jurisdiction pursuant to article V, section 15, Florida Constitution, and agree that the recommended discipline is insufficient.
The first count of the complaint against Dubbeld alleged that in January 1990 he was involved in a traffic accident which resulted in his conviction of driving while under the influence of alcohol, a fine and six-month probation, and suspension of his driver's license. The second count alleged that in March 1990 Dubbeld left "an obscene or at least patently offensive" message on the answering machine of a woman he thought had told his wife that he was having an extra-marital affair. Dubbeld failed to answer the request for admissions, and the referee deemed the allegations admitted. After a hearing, the referee recommended that Dubbeld be found guilty of violating Rules Regulating The Florida Bar 3-4.3 (engaging in conduct contrary to honesty and justice), 4-8.4(a) (violating the rules of professional conduct), and 4-8.4(b) (engaging in criminal conduct that reflects adversely on one's fitness as a lawyer).
Bar counsel asked that Dubbeld receive at least a public reprimand, but the referee recommended only that Dubbeld be admonished. The referee based that recommendation on the following mitigating circumstances: thorough media coverage of the DUI conviction; voluntary completion of alcohol abuse courses and an in-house alcohol rehabilitative program; and attendance at Alcoholics Anonymous meetings. The referee found that Dubbeld's "unacceptable conduct was a direct result of his abuse of alcohol." In making his recommendation the referee stated that he took into account Dubbeld's two prior admonishments and recognized that one, and possibly both, of the incidents giving rise to those admonishments was alcohol related.
Based on Dubbeld's past disciplinary record, bar counsel argues that Dubbeld should receive at least a public reprimand. Counsel also contends that the Rules Regulating The Florida Bar prohibit the referee from recommending admonishment in a case such as this. We agree with the first claim, but not the second.
There are three primary purposes in disciplining attorneys. The discipline must be: 1) fair to the public both by "protecting the public from unethical conduct and ... not denying the public the services of a qualified lawyer;" 2) fair to the attorney by "being sufficient to punish a breach of ethics and at the same time encourage reformation and rehabilitation;" and 3) "severe enough to deter others who might be prone or tempted to become involved in like violations." The Fla. Bar v. Pahules, 233 So.2d 130, 132 (Fla. 1970). The referee's recommendation does not satisfy these purposes.
Dubbeld received his first grievance committee admonishment in February 1989 for a verbal altercation with a police officer who stopped him for a traffic infraction in October 1988. The second admonishment, in February 1990, resulted from a September 1989 domestic dispute for which he pled no contest to battering his wife and disorderly intoxication. The incidents giving rise to the instant complaint occurred in January and March 1990 and demonstrate a continuing pattern of misconduct upon which Dubbeld's prior admonishments appear to have had no effect. Cumulative misconduct will be dealt with more harshly than isolated incidents of misconduct. The Fla. Bar v. Coutant, 569 So.2d 442 (Fla. 1990). Dubbeld's continued misconduct warrants a public reprimand.
We also disagree with the referee that prior publicity should mitigate the discipline imposed in this case. As we stated when amending the rules on confidentiality, "public respect and confidence in the primarily self-operated lawyer disciplinary system can best be gained by allowing the public to determine for itself that the grievance system works efficiently, fairly, and accurately." The Fla. Bar re Amends. to R. Regulating Fla. Bar, 558 So.2d 1008, *737 1009 (Fla. 1990). A public reprimand will demonstrate to the public that the legal profession, as well as the criminal justice system, disapproves of Dubbeld's conduct.
As reported by the referee, Dubbeld's second admonishment was conditioned upon his continuing "therapy until his therapist deems it no longer necessary with the additional requirement that he submit quarterly reports to The Florida Bar from his therapist as to his progress." Bar counsel states that Dubbeld's failure to comply with these conditions prompted the grievance committee to find probable cause regarding the instant complaint. Alcohol abuse and seeking treatment for such affliction can be mitigating circumstances in attorney discipline. E.g., The Fla. Bar v. Hartman, 519 So.2d 606 (Fla. 1988); The Fla. Bar v. Larkin, 420 So.2d 1080 (Fla. 1982). The referee, therefore, could properly find Dubbeld's attempts at rehabilitation in mitigation.
As we have recognized before, however, "a practicing attorney who is an alcoholic can be a substantial danger to the public and the judicial system as a whole." Larkin, 420 So.2d at 1081. Most, if not all, of Dubbeld's misconduct stemmed from his use of alcohol. We are troubled by Dubbeld's apparent failure to complete his contract with Florida Lawyers Assistance, Inc., and to comply with the conditions of his second admonishment. At the referee's hearing Dubbeld produced no evidence substantiating his claim of rehabilitation. We, therefore, do not place as much emphasis on his mitigation as the referee did. Moreover, given Dubbeld's obvious problem with alcohol, we find the referee's recommended conditions of probation[2] inappropriate.
Therefore, we hold that Dubbeld shall receive a public reprimand, which will be accomplished by publication of this opinion, and that he shall be on two years' probation conditioned on his compliance with the conditions imposed by the grievance committee in connection with his second admonishment. Judgment for costs of $1,414.58 is hereby granted against Dubbeld, for which sum let execution issue.
Rule Regulating The Florida Bar 3-7.6(k)(1)(3) provides that a referee's report shall include "recommendations as to the disciplinary measures to be applied, provided that an admonishment may be recommended only in cases based on a complaint of minor misconduct." Bar counsel argues that because this is not a minor misconduct case the referee could not recommend an admonishment. After considering this matter, we conclude that referees should have the power to recommend any permissible discipline they deem appropriate in any case before them. Therefore, we delete the proviso language from rule 3-7.6(k)(1)(3) and amend that rule to read as follows: "(3) recommendations as to the disciplinary measures to be applied;".
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] An admonishment is the equivalent of the former private reprimand. The Fla. Bar re Amends. to R. Regulating Fla. Bar, 558 So.2d 1008 (Fla. 1990).
[2] The referee recommended conditioning probation on Dubbeld's not drinking to excess and not driving within four hours of drinking any alcohol.