PER CURIAM.
Charles G. DeMarco, a member of The Florida Bar, petitions for review of a ref *1198 eree’s report recommending he be disbarred.[1] We approve the referee’s findings of fact and find that disbarment is appropriate.
The Florida Bar filed a seven-count complaint against respondent alleging various acts of misconduct. Count I alleged that in September 1990 respondent was arrested in Osceola County, Florida, and charged with driving under the influence of alcohol. The trial was set for February 4, 1991, but respondent failed to appear, resulting in the issuance of a warrant for his arrest. The count further alleged that respondent closed his law office in November 1990 without notifying any of his clients and that he fled the jurisdiction of the court by moving out of the state.
Count II was voluntarily dismissed by the Bar. Count III alleged that in May 1990 respondent was retained by a client for a fee of $900 to represent the client as plaintiff in a breach of contract lawsuit. Respondent, however, left town with the client’s original documents.
Count IV alleged that in August 1990 respondent accepted a $300 retainer to represent a client in a controversy involving the purchase of a car. Respondent represented to the client that the case was being resolved under the Florida Lemon Law when in fact no complaint had ever been filed.
Count V alleged that in November 1990 respondent was paid a retainer of $500 to represent a client in a suit to recover property. Respondent drafted a complaint that contained incorrect information. When the client attempted to contact respondent about the errors, the client discovered that respondent had left town.
Count VI alleged that respondent made false or misleading statements to a third person on behalf of a client.
Count VII alleged that in April 1990 respondent was retained for $500 to represent a client in a dissolution of marriage action. Respondent closed his office and left town while retaining several of his client’s original documents.
Because respondent failed to answer the requests for admission, the referee deemed the allegations admitted. The Fla. Bar v. Dubbeld, 594 So.2d 735, 736 (Fla.1992); The Fla. Bar v. Hamilton, 592 So.2d 1088, 1089 (Fla.1992). The referee found the respondent guilty on all the counts, except Count VI, and recommended that respondent be found guilty of violating, among others, the following Rules Regulating the Florida Bar: rule 3-4.3 (engaging in conduct that is unlawful or contrary to honesty and justice); rule 4-8.4(b) (committing a criminal act that reflects adversely on a lawyer’s honesty, trustworthiness, or fitness as a lawyer in other respects); rule 4-8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); rule 4-8.4(d) (engaging in conduct that is prejudicial to the administration of justice); rule 4-1.3 (failing to act with reasonable diligence and promptness in representing a client); rule 4-1.4(a) (failing to keep a client reasonably informed about the status of. a matter and failing to promptly comply with reasonable requests for information); rule 4-1.5(A) (charging a clearly excessive fee); rule 4-1.16(d) (failing to take reasonable steps to protect a client’s interest upon termination of representation); and rule 4-3.2 (failing to make reasonable efforts to expedite litigation consistent with the interests of the client). In recommending disbarment, the referee considered respondent’s prior disciplinary record involving a 1988 private reprimand for pleading guilty to resisting an officer without violence. The referee did not consider, and respondent did not submit, any mitigating evidence.
Respondent contests the referee’s findings of guilt and the recommended discipline. However, as stated above, respondent failed to respond to the requests for admission. He cannot now complain that the allegations contained in the requests for admission were deemed admitted. Dubbeld; Hamilton.
We likewise reject respondent’s arguments pertaining to the recommended *1199 discipline. His present response to the charged misconduct was that he was forced to close his law office and relocate to Nevada to live with family members because of a severe physical disability. Respondent asserts that he suffered a four-inch laceration in his right knee that prevented him from walking and that later became infected, which rendered him incapable of practicing law. We find respondent’s physical disability and sudden relocation no excuse for failing to notify clients that he was closing his office, or for leaving the jurisdiction and pending cases without notifying clients or the court, or for failing to pursue client matters diligently before his injury.
We also reject respondent’s remaining arguments. Respondent was given every opportunity to submit his defenses to the charges against him, but he chose not to participate meaningfully in these proceedings until he received the referee’s report recommending he be disbarred.
Finally, wé must reject respondent’s suggestion that disbarment is not warranted in this case. Respondent left Florida while criminal charges were pending against him, abandoned his law practice, and left his clients unprotected. Respondent has offered no relevant mitigating evidence to explain his conduct. We find the totality of respondent’s conduct warrants that he be disbarred from the practice of law. See The Fla. Bar v. Ribowsky-Cruz, 529 So.2d 1100 (Fla.1988); The Fla. Bar v. Murray, 489 So.2d 30 (Fla.1986); The Fla. Bar v. Mitchell, 385 So.2d 96, 97 (Fla.1980); Florida’s Standards for Imposing Lawyer Sanctions 4.41(a)-(c) (Fla. Bar Bd. Governors 1986).
Accordingly, Charles G. DeMarco is hereby disbarred from the practice of law in Florida effective August 3, 1992, allowing him thirty days to close out his practice in an orderly fashion thereby protecting the interests of his clients. Judgment for costs is entered against DeMarco in the amount of $1117.25, for which sum let execution issue.
It is so ordered.
BARKETT, C.J., and OVERTON, McDonald, shaw, grimes, kogan and HARDING, JJ., concur.

. We have jurisdiction pursuant to article V, section. 15 of the Florida Constitution.