PER CURIAM.
Paul J. Dubbeld petitions this Court to review a referee’s report recommending that he be suspended from the practice of law for ninety-one days. We have jurisdiction. See Art. V, § 15, Fla. Const. As explained more fully below, we suspend Dubbeld from the practice of law for ninety-one days and impose several conditions that he must fully satisfy before he may be considered for reinstatement to the practice of law.
On April 29, 1998, The Florida Bar filed in this Court a petition fqr order to show cause against Dubbeld, alleging that he had violated various provisions set forth in a “Conditional Guilty Plea for Consent Judgment” (Consent Judgment) approved by this Court in October 1997,[1] as well as various provisions set forth in a contract Dubbeld had entered into with Florida Lawyers Assistance, Inc. (FLA), as part of the Consent Judgment. After this Court issued an order to show cause and received responses from the parties, a referee was appointed to preside over Dubbeld’s case in accordance with rule 3-7.6(a) of the Rules Regulating The Florida Bar. On August 5, 1998, the duly appointed referee conducted a final hearing in Dubbeld’s case, after which the referee entered a written report containing the following findings of fact (footnote added):
1. The respondent failed to appear for the final hearing at 11:00 a.m., on August 5, 1998. On the morning of *938 the final hearing, an individual who identified himself as being the respondent telephoned this referee’s judicial assistant and informed her that the hearing could be canceled because the respondent and the bar had resolved the case through a plea agreement. This appears to be an intentional misrepresentation and I request the bar to investigate this allegation in a separate disciplinary proceeding.
2. The respondent indicated that he had voluntarily chosen to leave the state rather than to appear at the final hearing. He filed no motion for continuance prior to the final hearing.
3. On September 4,1997, the respondent executed a ... Consent Judgment wherein he agreed to a three year period of probation conditioned on his fully complying with the terms of his contract with [FLA], attending and participating in five Alcoholics Anonymous (hereinafter referred to as “AA”) meetings each week for a period of six consecutive weeks and thereafter as set forth in his [FLA] contract, undergoing a complete psychiatric evaluation within 30 days of this court’s order accepting his plea, following any suggested treatment plan by said psychiatrist, submitting to weekly random urinalysis for a period of six weeks and thereafter as set forth in his [FLA] contract, and refraining from the use of any alcohol or drugs during the period of his probation. The case was styled The Florida Bar v. Dubbeld, Case No. 91,096 [TFB Case No. 96-31,869 (07A)].
4. On September 10, 1998, the referee in The Florida Bar v. Dubbeld ... entered his report recommending acceptance of the respondent’s plea.[2]
5. On October 2, 1997, the Supreme Court of Florida entered its order accepting the referee’s recommendation and ordering that the respondent be placed on a three year period of probation subject to the terms set forth in his ... Consent Judgment_
6. By letter dated March 24, 1998, to the respondent from Karal B. Oberdier of [FLA], with a copy to the bar, [FLA] advised the bar the respondent had failed to comply with all of his contractual obligations and probationary terms.
7. The respondent failed to attend to required AA and/or attorney support group meetings.
8. The respondent indicated to Craig Tedford, CAP, that he had been drinking alcohol in violation of his contract.
9. The respondent’s drug screens indicated positive for alcohol on at least one occasion.
10. The respondent was evaluated by Hearthstone and was recommended for extended treatment. The respondent failed to follow up with the extended treatment recommendation and,
11. The respondent failed to arrange for his AA sponsor to contact Ms. Ober-dier and failed to maintain contact with his AA sponsor as required.
12. The respondent failed to send Ms. Oberdier a copy of his evaluation performed a year ago with regard to the respondent’s alcoholism and drug abuse.
13. The respondent has violated his [FLA] contract random drug screening requirements in that he left the state without notifying [FLA].
14. The respondent failed to report for a drug test on March 4,1998.
15. The respondent further failed to attend the [FLA] convention held between July 29, and July 31, 1998, in Orlando, Florida, despite the fact that his [FLA] contract required his attendance.
16. In the Conditional Guilty' Plea for Consent Judgment the respondent executed in The Florida Bar v. Dubbeld. ., the respondent knowingly and *939 voluntarily agreed to be placed on an immediate 91 day suspension should he violate his [FLA] contract.
Based on the above findings of fact, the referee recommended that Dubbeld be found guilty of violating the terms set forth in his Consent Judgment and his contract with FLA. As for discipline, the referee recommended that Dubbeld be suspended from the practice of law for ninety-one days and thereafter until he proves rehabilitation, consistent with the discipline contained in the previously executed Consent Judgment should Dubbeld violate the Consent Judgment. In recommending the ninety-one day suspension, the referee also considered Dubbeld’s age, 45, the fact that Dubbeld was admitted to the Bar on December 17, 1980, and Dub-beld’s Bar disciplinary history, which includes the following (footnote added):
1. The Florida Bar v. Dubbeld, TFB Case No. 89-30,523 (07A) — Private reprimand for verbally abusing police officer during a routine traffic stop. The respondent’s remarks were profane [and] were so loud that several onlookers were witnesses to his conduct.
2. The Florida Bar v. Dubbeld, TFB Case No. 90-30,386 (07A) — Private reprimand for being arrested on charges of domestic violence, assault on a law enforcement officer, engaging in disorderly conduct, criminal mischief, and resisting arrest without violence. He pled no contest to the domestic violence and disorderly intoxication charges. The remaining charges were dropped.
3. The Florida Bar v. Dubbeld, 92-30,669 (07A) — Admonishment for minor misconduct administered by an appearance before the Board of Governors of The Florida Bar for becoming verbally abusive in a courtroom with one of the police officers who had been involved with the respondent’s earlier DUI arrest. Another officer detected a strong odor of alcohol on the respondent’s breath at the time of the verbal exchange.
4. The Florida Bar v. Dubbeld, 594 So.2d 735 (Fla.1992) — Public reprimand with two year period of probation for being convicted of driving under the influence while his driver’s license was suspended[3] resulting in an automobile accident and leaving an obscene message on the answering machine of a woman he believed had told his wife he was having an extramarital affair. Both acts of misconduct were related to his abuse of alcohol. At the time, it was considered in mitigation that in the interim he had completed- alcohol abuse courses, an in-house treatment pro-grame,] and was attending AA meetings.
5. The Florida Bar v. Dubbeld, 700 So.2d 688 (Fla.1997) — Three year period of probation pursuant to a Conditional Guilty Plea for Consent Judgment. This case arose out of disciplinary charges against the respondent in connection with' his alleged neglect of a client’s federal civil lawsuit.
In recommending this discipline, the referee also stated that “[i]t is apparent to this referee that the respondent suffers from the disease of alcoholism which is uncontrolled and thus presents a great risk of harm to the public should he be allowed to continue to practice law.”[4] The referee also recommended that Dubbeld be taxed costs for these proceedings. Dubbeld now challenges the referee’s findings of fact, conclusions as to guilt, and the recommended discipline.
In reviewing the referee’s findings of fact, we are guided by the following principles:
*940 A referee’s findings of fact regarding guilt carry a presumption of correctness that should be upheld unless clearly erroneous or without support in the record. Florida Bar v. Beach, 699 So.2d 667, 660 (Fla.1997). If the referee’s findings are supported by competent, substantial evidence, this Court is precluded from reweighing the evidence and substituting its judgment for that of the referee. Florida Bar v. Bustamante, 662 So.2d 687, 689 (Fla.1995). The party contending that the referee’s findings of fact and conclusions as to guilt are erroneous carries the burden of demonstrating that there is no evidence in the record to support those findings or that the record evidence clearly contradicts the conclusions. Florida Bar v. Miele, 605 So.2d 866, 868 (Fla.1992).
Florida Bar v. Cox, 718 So.2d 788, 792 (Fla.1998). With these principles in mind, we first address Dubbeld’s challenge to the referee’s findings of fact.
Dubbeld has represented himself throughout these proceedings. He failed to appear at the final hearing conducted on August 5, 1998,[5] at which the Bar presented the testimony of Karal B. Oberdier, who was involved in Dubbeld’s case on behalf of FLA. During her testimony, Ms. Oberdier adopted her affidavit that had been filed in this Court with the Bar’s petition for order to show cause. In addition, Ms. Oberdier expounded on many of the problems that had arisen in relation to Dubbeld’s performance under his FLA contract, including (1) Dubbeld’s failure to attend meetings at a treatment center, Hearthstone, on a regular basis; (2) Dub-beld’s admission that he had been drinking alcohol; (3) Dubbeld’s positive testing on drug screens that he attributed to drinMng O’Doul’s beer, which, in Ms. Oberdier’s opinion, was not possible; (4) Dubbeld’s failure to actively use his AA sponsor; (5) Dubbeld’s failure to report for a drug screen; (6) Dubbeld’s failure to seek recommended extended treatment; and (7) Dubbeld’s failure to attend an FLA conference. Dubbeld now challenges much of Ms. Oberdier’s affidavit and her final hearing testimony, but in doing so he relies on numerous allegations and documents which were not introduced before the referee. Additionally, Dubbeld claims that he and the Bar reached an agreement to resolve the ease prior to the final hearing. However, the draft stipulation provided to this Court by Dubbeld shows that (1) his signature was required to effectuate the agreement; and (2) he did not sign the stipulation. We find that there is competent, substantial evidence in the record to support the referee’s findings of fact.
As to Dubbeld’s challenges to the referee’s conclusions regarding guilt, we specifically note that Dubbeld admits in his brief to this Court that he missed one drug screening and that he did consume alcohol on one occasion. These two admissions, in and of themselves, demonstrate that Dub-beld violated his previously executed Consent Judgment and FLA contract. In addition to these two appellate admissions, the record also clearly supports the referee’s conclusion that Dubbeld violated the terms of his previously executed Consent Judgment and his contract with FLA. Therefore, we uphold the referee’s conclusions as to guilt.
Finally, we agree with the referee that a ninety-one day suspension is the appropriate discipline here. In his previously executed Consent Judgment, Dub-beld specifically agreed to the imposition of a ninety-one day suspension should he violate any of the terms of his probation by *941 failing to abstain from alcohol, failing to attend AA meetings or fully participate in the AA 12-step program, failing to submit to random urinalysis, or failing to undergo any recommended psychiatric treatment. As stated before, the record clearly shows that Dubbeld violated several terms contained in his previously executed Consent Judgment and his contract with FLA, and therefore, we find the ninety-one day suspension recommended by the referee to be the appropriate discipline.
In imposing this ninety-one day suspension, we note that Dubbeld must be reinstated before being able to resume the practice of law. See R. Regulating Fla. Bar 3 — 5.1(e); 3 — 7.10(b). Mindful of this reinstatement requirement, we condition Dubbeld’s reinstatement upon the following terms: (1) he must enter and complete a four- to seven-day evaluation at Charter By-The-Sea or a similar site previously approved by FLA, (2) he must enter any and all treatment programs recommended by FLA as a result of the four- to seven-day evaluation, and (B) he must enter a new FLA contract acceptable to FLA and thereafter comply with all conditions in the new contract.
Paul J. Dubbeld is hereby suspended from the practice of law for ninety-one days. The suspension will be effective thirty days from the filing of this opinion so that Dubbeld can close out his practice and protect the interests of existing clients. If Dubbeld notifies this Court in writing that he is no longer practicing law and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Dubbeld shall accept no new business from the date this opinion is filed until the suspension is completed. Judgment for costs is hereby entered against Dubbeld in the amount of $1,164.66, for which sum let execution issue.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.

. This Court's acceptance of the referee's report in Dubbeld’s 1997 case is reported in a table of unpublished opinions. See Florida Bar v. Dubbeld, 700 So.2d 688 (Fla.1997). The actual order of October 2, 1997, accepting the report stated, in pertinent part: "The Court approves the uncontested referee’s report and places respondent on probation for three (3) years under the terms and conditions set forth in the report, effective immediately.”

. The Honorable John H. Skinner, Circuit Judge of the Fourth Judicial Circuit in and for Duval County, Florida, was the referee in Dubbeld’s 1997 case and the present case.

. Contrary to the referee’s statement, Dub-beld's driver’s license was suspended as a result of his conviction for driving while under the influence of alcohol. See Florida Bar v. Dubbeld, 594 So.2d at 736.

. We concur in this observation made by the referee.

. Dubbeld blames his secretary for not filing a motion to continue the final hearing. Even assuming that Dubbeld’s secretary failed to act diligently, however, Dubbeld is not blameless for the failure to file a continuance motion. Cf. Florida Bar v. Roth, 693 So.2d 969, 972 (Fla.1997) (finding public reprimand warranted, as opposed to private admonishment, notwithstanding the fact that attorney did not personally engage in fabricating a facsimile transmission); Florida Bar v. Mitchell, 569 So.2d 424, 424 (Fla.1990) (finding attorney’s negligent supervision of nonlawyer employee constituted an ethical breach).