916 So.2d 774 (2005)
THE FLORIDA BAR, Complainant,
v.
Rita STEIN, Respondent.
No. SC04-1918.
Supreme Court of Florida.
November 17, 2005.
*775 John F. Harkness, Jr., Executive Director, John Anthony Boggs, Staff Counsel, The Florida Bar, Tallahassee, FL, and Eric Montel Turner, Bar Counsel, The Florida Bar, Fort Lauderdale, FL, for Complainant.
Charles Wender, Boca Raton, FL, for Respondent.
PER CURIAM.
We have for review a referee's report regarding alleged ethical breaches by Rita Stein. We have jurisdiction. See art. V, § 15, Fla. Const.
The referee found respondent guilty of eight violations of the Rules Regulating the Florida Bar and recommended the discipline of one year of probation. In its petition for review, The Florida Bar challenges the recommended discipline and claims that a ninety-day suspension is more appropriate. Stein argues that the referee's recommended sanction is consistent with Florida case law and should not be disturbed, especially given her lack of a disciplinary history. We agree with the Bar and find that a ninety-day suspension followed by one year of probation serves the purposes of attorney discipline.

FACTS
The following undisputed narrative of the facts was provided in the referee's report:
In March 2003, Samuel Fields approached Robin Leitner, her husband, mother-in-law and father-in-law at a restaurant. Mr. Fields knew Mrs. Leitner's mother, Irene Captain, who passed away on February 26, 2003, and offered to probate the estate for Mrs. Leitner and her sister, Michelle List. Mr. Fields stated he was an attorney. Mr. Leitner inquired various times as to the cost of the probate and Mr. Fields stated it would depend. Mrs. Leitner and Ms. List hired Mr. Fields to handle the probate. Mr. Fields stated he would give Mrs. Leitner a special fee since he was a friend and neighbor to her mother-in-law and father-in-law. When Mr. Fields was asked the amount of the fee, he stated the fee would be $895.
Mr. Fields drafted a Petition for Administration and on April 18, 2003, filed the petition with the Clerk of Court in Palm Beach County. On April 25, 2003, the Letters of Administration were issued and mailed to Mrs. Leitner. In May, 2003, Mrs. Leitner received a letter regarding the Letters of Administration from Mr. Fields and a bill on Elsen & Fields letterhead charging $1,208.25, which was more than the agreed upon fee of $895. Mr. Fields' letterhead listed *776 New York and Florida Bars with his addresses in New York, New York, and Boca Raton, Florida.
Mrs. Leitner was suspicious because the entire probate process took less than six weeks time. Mrs. Leitner checked the New York and Florida Bars for a record of Samuel Fields and neither Bar had a record for Mr. Fields. In fact, Mr. Fields was disbarred in New York in 1971 and there is no documentation he was ever readmitted. Mrs. Leitner then called the Clerk of Courts for Palm Beach County and they told her Mr. Fields was not the attorney of record, but rather Respondent was the attorney of record. Mrs. Leitner and Ms. List were never informed Respondent would be the attorney of record before the petition was filed with the court, and, in fact, when Mrs. Leitner and Ms. List signed the Petition for Administration, the law firm stated was Elsen & Fields and contained Mr. Fields' address in Boca Raton, but a signature did not appear on the document. Mr. Fields later signed Respondent's name and placed her Florida Bar number on the petition. Respondent admits after Mr. Fields drafted the Petition for Administration and obtained the signatures of Mrs. Leitner and Ms. List as petitioners, she gave Mr. Fields permission to sign her name on the petition making her the attorney of record with the court.
Mrs. Leitner was also told by the clerk the probate was not complete and the judge could revoke the Letters of Administration if the case was not completed. Mrs. Leitner obtained Respondent's telephone number in New York from the clerk. When contacted by Mrs. Leitner, Respondent stated she did not know Mrs. Leitner. After Mrs. Leitner explained she was the attorney of record for her mother's probate matter, she stated it must be Sam. Mrs. Leitner explained the incomplete probate and a verbal altercation ensued which resulted in Respondent stating she was only hired to obtain the Letters of Administration and, if she was not paid, she would have the Letters of Administration revoked. Mrs. Leitner also asked Respondent if Mr. Fields was an attorney and she stated he was an attorney. Mrs. Leitner then called Mr. Fields to ask if he was a member of The Florida Bar and he stated his associate was a member. Respondent was removed as attorney of record and Mrs. Leitner and Ms. List were forced to hire new counsel to complete the probate of the estate.
Prior to the filing of the petition, Respondent never met or communicated with either Mrs. Leitner or Ms. List, she never discussed a fee or the parameters of the representation, she never executed a fee or retainer agreement, and she entered a notice of appearance on their behalf without their knowledge or first obtaining their consent. As a matter of fact, the first communication Respondent had with Mrs. Leitner was by telephone after Mrs. Leitner discovered, through her own investigation with the courts, Respondent was the attorney of record and she telephoned Respondent in New York.
Based on this conduct, the referee found Stein guilty of violating the following Rules Regulating the Florida Bar: rule 3-4.3 (Misconduct and minor misconduct); rule 4-1.1 (Competence); rule 4-1.3 (Diligence); rule 4-1.4(a) (Informing Client of Status of Representation); rule 4-1.4(b) (Duty to Explain Matters to Client); rule 4-5.3(b)(2) (duty to directly supervise nonlawyer); rule 4-5.3(b)(3) (responsibility for rule violations of nonlawyer); and rule 4-5.5 (assisting in the unlicensed practice of law).
*777 In deciding the appropriate discipline, the referee considered Stein's age (seventy-seven years) and her date of admission to the Bar (July 9, 1980). As aggravating factors, the referee considered the vulnerability of the victim and Stein's substantial experience in the practice of law. As mitigating factors, the referee considered the absence of a prior disciplinary record, Stein's character and reputation, and Stein's expressions of remorse. The referee recommended a one-year period of probation, during which Stein must obtain a passing score on the ethics portion of the Florida Bar Exam. The referee specified that the probationary period could be terminated after six months if Stein provided evidence of her passing score. The referee also recommended that Stein be responsible for payment of the Bar's costs in the proceedings.

ANALYSIS
This Court is ultimately responsible for determining the appropriate sanction imposed on an attorney in disciplinary proceedings. Consequently, we have held that a referee's recommendation for discipline receives less deference than a referee's guilt finding. Fla. Bar v. Sweeney, 730 So.2d 1269, 1272 (Fla.1998).
This Court has also held that bar disciplinary proceedings must serve the following three purposes: (1) fairness to society, both in terms of protecting the public from unethical conduct and at the same time not denying the public the services of a qualified lawyer as a result of undue harshness in imposing a penalty; (2) fairness to the respondent, being sufficient to punish a breach of ethics and at the same time encourage reformation and rehabilitation; and (3) deterrence for others who might be prone or tempted to become involved in like violations. Fla. Bar v. Pahules, 233 So.2d 130, 132 (Fla.1970).
Based upon these criteria, we conclude that the referee's recommended discipline is insufficient in view of the serious ethical breaches in this case. Stein undertook the representation of the estate in the probate proceeding when she agreed with Fields to be the attorney of record. While Stein testified that she did not know that Fields had been disbarred in New York, she admitted that she knew that Fields was not admitted to The Florida Bar. By Stein's allowing Fields to go forward with the representation while using her name and her Florida Bar number, and by Stein's signing of a pleading, she undertook the responsibility for the probate but never performed any legal services for the clients. Stein's actions facilitated Fields' unauthorized practice of law in Florida and was a fraudulent act in respect to the estate and the probate court. Here, Stein did not fulfill her ethical obligations as a member of The Florida Bar.
As the referee determined, Stein's conduct constituted eight different violations of the Rules Regulating the Florida Bar, including assistance in the unlicensed practice of law, failure to supervise the work of a nonlawyer, and failing to act with diligence regarding client matters. Our prior case law demonstrates that these violations, individually and in combination with each other, can warrant the sanction of suspension. See, e.g., Fla. Bar v. Beach, 675 So.2d 106 (Fla.1996) (imposing ninety-day suspension for assisting in unlicensed practice of law and sharing fees); Fla. Bar v. Lawless, 640 So.2d 1098 (Fla.1994) (imposing ninety-day suspension for failing to act with diligence in representing clients and failing to ensure compliance by nonlawyer with lawyer's professional obligations); Fla. Bar v. Mitchell, 569 So.2d 424 (Fla.1990) (imposing fifteen-day suspension for failing to supervise nonlawyer); Fla. Bar v. Morrison, 496 So.2d 820 (Fla. *778 1986) (imposing ten-day suspension for failing to supervise nonlawyer, conduct involving misrepresentation, and neglect of a client matter).
We find that the facts of this case in particular warrant a suspension because Stein had absolutely no contact with the clients prior to making herself attorney of record; she continued to have no contact with the clients to update them on the status of the probate or with Fields to supervise his handling of the matter; and finally, she left the clients' matter pending without taking any meaningful or significant action. Because Florida lawyers are held responsible for the acts and omissions of their agents, Florida lawyers must adequately inform themselves as to the credentials and competence of those they authorize to perform any part of the representation of a client using the lawyer's name and license. R. Regulating Fla. Bar 4-5.3 (Responsibilities regarding nonlawyer assistants). We find that a suspension of ninety days is the proper discipline for this ethical breach. We do not impose more serious discipline because Stein has no prior disciplinary history and in view of the evidence that Stein has engaged in activities which have benefited the Bar and her communities.
Stein is hereby suspended from the practice of law for ninety days, with automatic reinstatement at the end of the suspension period. The suspension will become effective thirty days from the filing of this opinion so that Stein can close out her practice and protect the interests of existing clients. If Stein notifies this Court in writing that she is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Stein shall accept no new business from the date this opinion is filed until the suspension is completed. Stein's suspension shall be followed by a one-year probationary period, during which Stein shall obtain a passing score on the ethics portion of the Florida Bar Exam. The probation may be terminated after six months if Stein provides evidence of her passing score. Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida XXXXX-XXXX, for recovery of costs from Rita Stein in the amount of $1,780.11, for which sum let execution issue.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.