Angela **HART**, Plaintiff,

v.

**ZIMMERMAN HOLDINGS GROUP, INC.**, Defendant.

Case No.: 15–cv–61342–MIDDLE-BROOKS/BRANNON

United States District Court, S.D. Florida.

Signed January 29, 2016

Valerie Kiffin Lewis, Valerie Kiffin Lewis, P.A., Fort Lauderdale, FL, for Plaintiff.

Eric David Isicoff, Teresa Ragatz, Christopher Michael Yannuzzi, Isicoff Ragatz & Koenigsberg, Miami, FL, for Defendant.

### ORDER GRANTING MOTION TO DISMISS

DONALD M. MIDDLEBROOKS, UNITED STATES DISTRICT JUDGE

THIS CAUSE comes before the Court on Defendant Zimmerman Holdings Group, Inc.'s Motion to Dismiss (DE 17) ("Motion"), filed on December 16, 2015. Plaintiff, Angela Hart, filed a response (DE 18), to which Defendant replied. (DE 19). Defendant moves to dismiss for failure to serve within 120 days under Rule 4(m) and Rule 12(b)(5), as well as failure to state a claim under Rule 12(b)(6). For the reasons stated below, the Motion is granted.

### I. Background

Plaintiff filed the instant employment discrimination action on June 25, 2015. (DE 1). On July 1, 2015, this case was set for trial on February 22, 2016. (DE 4). On August 13, 2015, Magistrate Judge Dave Lee Brannon

held a Pretrial Scheduling Conference, at which time Plaintiff's counsel represented that service of process on Defendant was in progress. That same day, the Pretrial Scheduling Order was entered. (DE 9). Then, nearly four months went by with no action by either party.

On December 4, 2015, Plaintiff filed a Notice of Filing Proposed Summons. (DE 10). A summons was issued three days later, on December 7, 2015. (DE 11). The same day the summons issued, this Court entered an Order to Show Cause "why this case should not be dismissed under Federal Rule of Civil Procedure 4(m) for failure to serve Defendant within 120 days of filing the Complaint." (DE 12). Plaintiff filed a response to the Order to Show Cause on December 13, 2015. (DE 13). On December 17, 2015, Defendant filed the instant Motion to Dismiss for failure to serve under Rule 4(m).

### II. Legal Standard

Federal Rule of Civil Procedure 4(m) [1] provides that:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed R. Civ. P. 4(m).

■ Good cause for failure to serve within 120 days exists "only when some outside factory such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone–Dempsey v. Carrol Cnty. Com'rs,* 476 F.3d 1277, 1281–82 (11th Cir.2007) (internal quotations omitted). "Even in the absence of good cause, a district court has the discretion to extend the time for service of process." *Id.* at 1281.

---

1. Effective December 1, 2015, Congress amended Fed R. Civ. P. 4(m) to shorten the deadline for service from "within 120 days after the complaint is filed" to "within 90 days after the complaint is filed." As this Complaint was filed before December 1, 2015—even though service was perfected after—the Court applies the previous, 120-day rule.

If service is not perfected within 120 days after the complaint is filed, Federal Rule of Civil Procedure 12(b)(5) provides that a Defendant can move to dismiss a Complaint for insufficient service of process.

## III. Discussion

■ Defendant contends—and Plaintiff admits—that Plaintiff did not serve Defendant until 167 days after the Complaint was filed. (DE 17 at 5). The docket shows that Plaintiff did not even request a summons from the clerk of court until December 7, 2015—42 days after the time for proper service had expired. (DE 11). It is clear, therefore, that service was not perfected in accordance with Rule 4(m). As a result, this Complaint can be dismissed for failure to perfect service.

Plaintiff argues in response to Defendant's Motion that the Court should excuse Plaintiffs failure to timely serve based on "good cause." (DE 18 at 4). In support, Plaintiff avers that Plaintiff's counsel was struck by a serious illness around the time this Complaint was filed.[2] (DE 18 at 4). The Court is certainly sympathetic to the health issues Plaintiff's counsel may be experiencing. However, Plaintiff has not met the burden to show good cause for failure to serve. First, in response to the Order to Show Cause, Plaintiff's counsel asserts that she was diagnosed with health issues *before* she filed the instant Complaint. (DE 18 at 4). As her health issues did not prevent her from filing the Complaint, she ostensibly could have requested a summons at that time.

■ Plaintiffs counsel also contends that she had an "individual assisting" her with the service of the Complaint; however, Plaintiff's counsel does not identify the name or title of this individual who was helping her. Even if the failure to serve were attributable to an agent of Plaintiff's counsel, "Florida lawyers are held responsible for the act and omissions of their agents." *The Florida Bar v. Stein,* 916 So.2d 774, 778 (Fla.2005). Fur-

ther, any reliance by Plaintiff's counsel on an agent's representation that service is in progress would be unreasonable in light of the fact that Plaintiff's counsel had not sought the issuance of a summons when filing the Complaint.

Plaintiff also contends that during between June 2015 and December 2015, she was prevented from engaging in work as a result of her health condition. (DE 18 at 5). However, Plaintiff's counsel appeared on the record of this case in August at a scheduling conference before Magistrate Brannon. At that time, Plaintiff's counsel represented to Magistrate Brannon that service of process was in progress. (DE 7). However, service of process could not have been in progress as no request for summons was filed by Plaintiff's counsel until December 7, 2015. (DE 10). Based on Plaintiffs counsel's representations, Magistrate Brannon entered a scheduling order. (DE 9). As Plaintiff's counsel was present on the telephonic scheduling conference, Plaintiff was aware in August 2015 of the fast-approaching deadlines in this case. Yet, Plaintiff did nothing to prosecute her case in the next four months. The discovery deadline passed on November 2, 2015 and the pretrial motions deadline ran on November 16, 2015. (DE 9). Finally, in December 2015, Plaintiff moved for a summons to be issued.

Simply put, Plaintiff asserts that failure to service was a "consequence of factors beyond Plaintiffs control." (DE 18). However, Plaintiffs counsels expression to Magistrate Brannon that service was in progress and the knowledge of Plaintiff s counsel of the deadlines in this case show that Plaintiff was capable of timely serving Defendant. Plaintiff has not shown any outside factor that prevented her from timely serving Defendant; she does not show that she relied on faulty advice or that Defendant evaded service. Accordingly, the Court does not find good cause to excuse Plaintiff's failure to serve—or to exercise its discretionary au-

---

**2.** Plaintiff's counsel also contends that her computer and mini-iPad were stolen and therefore contributed to her inability to comply with Rule 4(m). (DE 13 at 3). She has submitted to the Court a police report from the incident. (DE 20). However, as this theft occurred before the filing of the Complaint, the Court does not see how it affected Plaintiff's counsel's ability to serve Defendant in accordance with Rule 4(m).

thority to extend the time to serve—under Rule 4(m). Accordingly, it is hereby

**ORDERED AND ADJUDGED** that

(1) Defendant's Motion to Dismiss (DE 17) is **GRANTED.**

(2) The Complaint (DE 1) is **DISMISSED WITHOUT PREJUDICE** for failure to serve under Rule 4(m).

(3) The Clerk of Court shall **CLOSE** this case and **DENY** all pending motions as **MOOT.**

**DONE AND ORDERED** in Chambers at West Palm Beach Florida, this 29 day of January, 2016.